REED, Judge.
This purports to be an appeal from an order denying a motion to vacate a sentence and also an appeal from an order denying a motion for a rehearing on the motion to vacate.
The following are the significant procedural events which preceded the filing of this appeal. The defendant was indicted on 1 December 1971 for first degree murder. The court in which the indictment was filed, the Circuit Court for the Seventeenth Judicial Circuit, entered an order on the 7th day of December 1971 appointing a special public defender to represent the defendant. Thereafter, on 24 February 1972 the defendant appeared with counsel before the trial court and pled guilty to the lesser included offense of manslaughter. The plea was accepted, and the defendant was sentenced to imprisonment for six months to fifteen years. On 6 June 1972, the defendant filed a motion to vacate the judgment and sentence pursuant to Rule 3.850, RCrP, 33 F.S.A. When this motion was brought to the attention of the trial judge, he appointed as counsel for the defendant the same attorney who had represented the defendant as a special public defender in connection with the original criminal prosecution up through the time of the plea and sentencing.
On 4 October 1972 after an evidentiary hearing on the motion to vacate, the trial judge entered an order denying the same and appointed yet another attorney to represent the defendant for purposes of taking an appeal from the order denying the motion to vacate. This attorney, instead of promptly filing a notice of appeal, served a motion for a rehearing on 31 October 1972. The motion for rehearing was filed on 6 November 1972. On 8 November 1972, an order was entered by the trial court denying the motion for a rehearing on the motion to vacate, and a notice of appeal was filed in the trial court on 7 December 1972 purporting to appeal from both the order denying the motion to vacate and the order denying the motion for rehearing.
A proceeding under Rule 3.850, R CrP, to attack a judgment or sentence or both is collateral to the criminal action under attack and such proceeding must be litigated in accordance with rules governing civil procedure, both at the trial and appellate levels, except where those rules are inconsistent with the specific provisions of Rule 3.850, RCrP. Barton v. State, Fla.App.1965, 176 So.2d 597; State ex rel. Faircloth v. District Court of Appeal, Fla.1966, 194 So.2d 600, and Lawrence v. State, Fla.1967, 198 So.2d 328.
It follows that the time for taking an appeal from an order denying a motion to vacate is 30 days from the rendition of that order. See Rule 3.2, subd. b, F.A.R., 32 F.S.A. In the present case, the order' denying the motion to vacate was filed and made a matter of record on 5 October 1972. It was, therefore, rendered on that date, unless the motion for rehearing served by the defendant on 31 October 1972 postponed the rendition until 8 November 1972 when that motion was disposed of.
Rule 1.4, F.A.R. provides that a timely and proper motion for rehearing will postpone the rendition date. The motion for rehearing filed in the present case was neither timely nor proper. It was not proper because neither Rule 3.850, RCrP, nor the Florida Rules of Civil Procedure provide for such a motion. If Rule 1.530, RCP, 31 F.S.A., could conceivably be construed to authorize such a motion — and we do not believe it could — the motion would not have been timely under the provisions
*703 of that rule. For the foregoing reason, the order denying the motion to vacate was “rendered” on 5 October 1972 and the notice of appeal was not timely, and this court is without jurisdiction to review the order.
To the extent that the notice of appeal attempts to appeal from the order denying the motion for rehearing, it brings nothing to this court for review where no appeal has been taken from the final order as to which the rehearing was sought. Finley v. Finley, Fla.1958, 103 So.2d 191.
For the foregoing reasons, this appeal is dismissed for want of jurisdiction.
WALDEN and MAGER, JJ., concur.