507 So.2d 711 (1987)
STATE of Florida, Appellant,
v.
Edwin LASLEY and Robert Buchanan, Appellees.
No. 86-3168.
District Court of Appeal of Florida, Second District.
May 15, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, James T. Russell, State Atty., and Lyndi Gordon, Asst. State Atty., Clearwater, for appellant.
Robert W. Pope, of Pope & Henninger, St. Petersburg, for appellees.

ON MOTION TO DISMISS
PER CURIAM.
Appellees have moved to dismiss this appeal as untimely filed. For the reasons set forth herein we deny the motion to dismiss.
Both appellees entered pleas of no contest to driving under the influence of alcohol and were adjudged guilty and sentenced. On November 3, 1986, the county court granted appellees' motions to vacate and permitted them to withdraw those pleas. The state filed its notice of appeal December 2, 1986. The trial court previously had entered an order certifying that this case involves a question of great public importance, and we accepted jurisdiction. Fla.R.App.P. 9.030(b)(4) and 9.160.
Appellees reason that the appeal is untimely because Florida Rule of Appellate Procedure 9.140(c)(2) requires the state to file its notice of appeal within fifteen days of rendition of the order to be reviewed; rule 9.160(b) specifically provides that these discretionary proceedings are commenced just as if the appeal were being taken to the circuit court. Ordinarily this might be so. However, rule 9.140 governs appeal proceedings in criminal cases only. The present appeal is from a final order under Florida Rule of Criminal Procedure 3.850, which specifically provides that "[a]n appeal may be taken to the appropriate appellate court from the order entered upon the motion as from a final judgment on application for writ of habeas corpus." Like a habeas corpus proceeding an action under rule 3.850 is considered civil in nature and collateral to the criminal prosecution which resulted in the judgment of conviction, notwithstanding the inclusion of rule 3.850 within the criminal rules. Green v. State, 280 So.2d 701 (Fla. 4th DCA 1973); Tolar v. State, 196 So.2d 1 (Fla. 4th DCA 1967); Lett v. State, 195 So.2d 608 (Fla. 2d DCA 1967). Florida Rule of Appellate Procedure 9.110(b), not 9.140(c)(2), controls, and affords the prospective appellant thirty days to file his notice of appeal. The state filed its notice within these time limits.
Appellees also argue that the order under review is not appealable by the state. *712 Again we disagree. The state, like the defendant, is authorized to take an appeal from an adverse final order in postconviction proceedings. State v. White, 470 So.2d 1377 (Fla. 1985); § 924.07(6) Fla. Stat. (1985).
Motion denied.
SCHEB, A.C.J., and SCHOONOVER and FRANK, JJ., concur.