FRANK, Judge.
Pursuant to Rule 9.160 of the Florida Rules of Appellate Procedure, the county court of Pinellas County certified the following question as one of great public importance.
WHERE A DEFENDANT HAS ENTERED A PLEA IN TRAFFIC COURT WHICH WAS NOT ELECTRONICALLY OR STENOGRAPHICALLY RECORDED OR THE SUBJECT OF A SIGNED WRITTEN WAIVER, MAY SUCH PLEA BE WITHDRAWN UPON APPROPRIATE MOTION WITHOUT ANY FURTHER SHOWING OF PREJUDICE?
The state has appealed and we reverse, but we do not reach the certified question in the light of the following analysis.
Edwin Lasley and Robert Buchanan were convicted of driving while intoxicated. Lasley was charged in 1977 and pleaded nolo. Buchanan was charged in 1979, pleaded not guilty and was convicted after a trial. Neither Lasley nor Buchanan sought appellate review. In 1986, each filed a motion with the county court seeking an order vacating his judgment of conviction and permitting the withdrawal of his plea. The motions were based solely on the fact that at the time they entered their pleas in 1977 and 1979, the pleas were not recorded either stenographically, mechanically or electronically and neither Lasley nor Buchanan waived the recording of his plea.
On November 3, 1986, the county court granted the motions. The predicate for the county court’s action was an “order and opinion” entered in 1981 by the circuit court in a matter styled Baxter v. State, Case No. 80-1885. In that order and opinion the circuit court concluded that a traffic court plea which is not memorialized in accordance with rule 6.200 of the Rules for Traffic Court will sustain post-conviction relief without any showing of prejudice.
Shortly following the state’s filing of its notice of appeal, Lasley and Buchanan attacked the timeliness of the notice. In an opinion dated May 15,1987, we denied their motion to dismiss. State v. Lasley, 507 So.2d 711 (Fla. 2d DCA 1987). We determined that the state’s appeal is governed by the 30 day period prescribed in rule 9.110(b) of the Florida Rules of Appellate Procedure, and not the 15 day period imposed upon the state in rule 9.140(c)(2). The consideration underlying our conclusion was that a proceeding initiated under rule 3.850 of the Florida Rules of Criminal Procedure is civil in nature and not controlled by the 15 day limitation applicable to appeals by the state in criminal matters. Id. Thus, having announced that the present appeal is from orders originating in a post-conviction effort collaterally attacking judgments of convictions, we follow the principles associated with the implementation of rule 3.850. The county court erred; we reverse and vacate the orders granting the relief sought by Lasley and Buchanan.
An essential ingredient in pursuing post-conviction relief is the loss of liberty. Rule 3.850 begins with the words “A prisoner in custody.” Lasley and Buchanan do not state in their motions that they are in custody. In the absence of any form of current incarceration, it is manifest that rule 3.850 is not an available platform from which Lasley and Buchanan can launch a collateral attack upon their prior convictions. Cf Bolyea v. State, 508 So.2d 457 (Fla. 2d DCA 1987) (probationer, in jail at the moment when the rule 3.850 motion was filed, was “in custody” for purposes of that rule); Shell v. State, 501 So.2d 1332 (Fla. 2d DCA 1987) (prisoner was “in custody” within the meaning of rule 3.850 if conviction being attacked was used to en *1374 hance a current sentence); Rita v. State, 470 So.2d 80 (Fla. 1st DCA), rev. denied, 480 So.2d 1296 (Fla.1985) (person serving sentence of probation had standing to seek post-conviction relief pursuant to rule 3.850).
Accordingly, this matter is remanded to the county' court with direction that it enter an appropriate order restoring Lasley’s and Buchanan’s driving records to the status which existed prior to November 3, 1986.
DANAHY, C.J., and BOARDMAN, EDWARD F. (Ret.), J., concur.