597 So.2d 420 (1992)
Alan Leonard BOGUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00555.
District Court of Appeal of Florida, Second District.
April 22, 1992.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
*421 Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant, Alan Leonard Bogush, challenges his habitualized sentences under section 775.084, Florida Statutes (1989). The appellant does not contest the sufficiency of the prior felony offenses supporting his habitualization. He does argue, however, that the trial judge was bound by the maximum sentence contained in his written plea. We reverse in part and affirm in part.
This appeal involves two cases. On April 9, 1990, the appellant entered a plea of guilty to delivery of cocaine in case No. 89-14000 with a maximum sentence of fifteen years' imprisonment. He received notice he would be treated as a habitual offender under section 775.084. The judge sentenced him to two years' community control.
On September 13, 1990, the state charged the appellant with uttering a forged instrument in violation of section 831.02, Florida Statutes (1989), and with petit theft in violation of section 812.014(2)(d), Florida Statutes (1989). On September 19, 1990, the appellant signed a guilty plea form indicating the maximum sentence he could receive was five years for forgery and one year for petit theft in case No. 90-12918 and fifteen years for violation of probation in case No. 89-14000.
On October 5, 1990, the court revoked the appellant's community control in case No. 89-14000 and sentenced him to thirty years' imprisonment. The court also sentenced him to ten years as a subsequent felony offender for forgery and time served for petit theft in case No. 90-12918. The appellant did not receive written notice or a separate hearing to determine if habitual offender sanctions should apply in case No. 90-12918.
In case No. 89-14000, the written plea form correctly reflected the statutory maximum sentence for delivery of cocaine, without reference to the possible enhanced sentence under the habitual offender statute. Bogush, however, had been properly habitualized at his original sentencing. We conclude that under these circumstances, Bogush was on notice that the statutory maximum sentence could be enhanced at the trial judge's discretion and that therefore the imposition of the sentence of thirty years was not error.
We, however, reverse the appellant's sentence in case No. 90-12918. That case is a separate and distinct criminal episode from case No. 89-14000. The procedural safeguards afforded a defendant by section 775.084 are adequate and are in accordance with the requirements of due process. Eutsey v. State, 383 So.2d 219, 224 (Fla. 1980). One such safeguard is the notice requirement of section 775.084(3)(b). Because the defendant did not receive prior notice of habitualization in case No. 90-12918, that sentence is unlawful. We, therefore, reverse the appellant's ten-year sentence for forgery as a habitual offender in case No. 90-12918 and remand for resentencing under the guidelines, and we affirm the appellant's thirty-year sentence in case No. 89-14000.
HALL, A.C.J., and ALTENBERND, J., concur.