679 So.2d 1261 (1996)
William D. TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02137.
District Court of Appeal of Florida, Second District.
September 18, 1996.
PER CURIAM.
William D. Tucker seeks review of the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court failed to consider the merits of Tucker's claim for credit for time previously served, we reverse.
Tucker alleges that he did not receive all of the county jail and gain time credit to which he was entitled when he was sentenced after revocation of his community control. Tucker was serving two concurrent sentences of 4½ years in prison with the last 2½ years suspended and to be served on community control when he violated community control and was sentenced to concurrent terms of 4½ years in prison.
Because Tucker's crimes were committed before October 1, 1989, he is entitled to gain time granted during the service of the initial concurrent sentences pursuant to section 944.275, Florida Statutes (1989), as *1262 well as actual time served. Cook v. State, 645 So.2d 436, 438, n. 6 (Fla.1994). Although the trial court may delegate to the Department of Corrections the responsibility to determine the number of days to be credited, it is the court's responsibility to decide a prisoner's entitlement to prison credit for any such unforfeited gain time. Belcher v. State, 21 Fla. L. Weekly D1398, ___ So.2d ___ (Fla. 2d DCA June 12, 1996).
The trial court did not consider the merits of Tucker's motion, but rather decided that the issue was moot because the two sentences in question had been completed. Although Tucker is no longer in custody for the cases under review, he is in custody on other charges and is entitled to have the court records accurately reflect the total time he served in prison for the two cases in question. See Fernandez v. State, 669 So.2d 1134 (Fla. 3d DCA 1996).
Reversed and remanded.
THREADGILL, C.J., and DANAHY and BLUE, JJ., concur.