698 So.2d 906 (1997)
Francisco HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0614.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Francisco Hernandez, Clermont, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Francisco Hernandez appeals an order denying his motion for correction of sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand for resentencing.
Following a jury trial, Appellant was convicted of one count of attempted burglary of a structure with a firearm and one count of possession of burglary tools. For the primary offense, the attempted burglary, he was sentenced to fifteen years with a three-year mandatory minimum for use of a firearm. Appellant claimed in his motion that his guidelines scoresheet was incorrectly calculated.
We affirm the denial as to one of Appellant's claims, which was that the scoresheet erroneously showed a prior record including five counts of attempted robbery with a firearm, when it should have included only two, as such alleged error is not cognizable on a rule 3.800(a) motion. "[S]coresheet errors that are not apparent from the face of the scoresheet may result in an erroneous sentence correctable on direct appeal, but not on a motion pursuant to rule 3.800(a)." Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (emphasis added), rev. denied, 613 So.2d 5 (Fla.1992).
We reverse as to the other claim, as it is apparent that the five attempted robbery with firearm convictions were scored as first degree felonies punishable by life, and Appellant's prior conviction for attempted third degree murder was scored as a second degree felony. Attempted robbery with a firearm is a second degree felony, § 812.13(2)(a), Fla. Stat. (1991); § 777.04(4)(b), Fla. Stat. (1991), and attempted third degree murder is a third degree felony, § 782.04(4), Fla. Stat. (1991); § 777.04(4)(c), Fla. Stat. (1991). If *907 these errors are corrected, Appellant's scoresheet will total 123 points, for a 5½ to 7 year sentencing range, instead of 250 points, for a 12-17 year sentencing range.
An erroneous calculation apparent on the face of the scoresheet is reviewable under rule 3.800. See Owens v. State, 667 So.2d 905 (Fla. 4th DCA 1996). The state has conceded the errors which are apparent on the face of the scoresheet and requests that the trial court be allowed an opportunity to correct them. Accordingly, we reverse and remand for such correction and for resentencing in accordance with the corrected scoresheet.
Affirmed in part; reversed in part and remanded.
GLICKSTEIN, GUNTHER and PARIENTE, JJ., concur.