711 So.2d 66 (1998)
John Angus WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2375.
District Court of Appeal of Florida, Third District.
April 1, 1998.
Rehearing Denied June 10, 1998.
*67 John Angus Wright, in proper person.
Robert A. Butterworth, Attorney General, and Erin E. Dardis, Assistant Attorney General, for appellee.
Before NESBITT, FLETCHER and SORONDO, JJ.
PER CURIAM.
John Angus Wright challenges the sentence he received after his 1973 conviction, following a guilty plea, for unlawful sale of narcotics. He alleges an error in the sentencing document. He claims that he pled guilty to only one count of unlawful sale of narcotics, but that the document shows three counts.[1] Alternatively, if that document is deemed to be accurate, Wright alleges that the sentence he received was an illegal "general sentence" for three convictions. We believe Wright can obtain no collateral relief on either claim and, thus, affirm the trial court's denial of Wright's Rule 3.800 motion.
In Wright's case, relief pursuant to Rule 3.800 is inappropriate. Following Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995), an illegal sentence is "one that exceeds the maximum period set for by law for a particular offense." Thus, Wright's fifteen-month sentence for unlawful sale of narcotics cannot be considered an illegal sentence, as it was well within the maximum allowed for that crime.
We also believe that the alleged sentencing document error here is analogous to a sentencing guideline scoresheet error and, therefore, that appellate review is precluded where the alleged error is not apparent on the face of the document and requires an evidentiary determination. See Dailey v. State, 488 So.2d 532 (Fla.1986). See also Hernandez v. State, 698 So.2d 906 (Fla. 4th DCA 1997). Here, the error alleged is not apparent from the face of the document.
Further, as the State pointed out, Wright is barred by the doctrine of laches from pursuing his claim. Laches is sustainable in a criminal case where there has been a lack of due diligence on the part of the defendant in bringing forth the claim and prejudice to the State. See Blatch v. State, *68 389 So.2d 669, 672 (Fla. 3d DCA 1980); Remp v. State, 248 So.2d 677, 679 (Fla. 1st DCA 1970). Here, Wright's lack of due diligence is apparent in that he did not bring this claim until 24 years after his sentencing. The prejudice to the State is likewise apparent as court transcripts are routinely destroyed after 10 years and the State now has no transcript in existence to refute, or prove, Wright's claim. Wright's assertions to the contrarythat he exercised due diligence and that the State was not prejudicedare without merit. Therefore, we find that the rationale of Dailey and/or the doctrine of laches defeats Wright's "document error" claim for relief.
Assuming arguendo that the sentencing document properly reflects conviction on three counts, Wright's alternate argument is that his single sentence of fifteen months represents an illegal general sentence. Wright's original 1973 sentencing document indicates his guilty plea to "Unlawful Sale of Narcotic Drug (Three Counts)" and shows his sentence as "Confinement ... in the State penitentiary for a term of fifteen (15) months." His subsequent 1974 resentencing document contains identical information. Thus, it does seem that Wright was sentenced with a general sentence for three crimes.
Dorfman v. State, 351 So.2d 954 (Fla.1977), held that general sentences were improper and prohibited them. However, Dorfman was a 1977 case; when Wright was sentenced in 1973, and resentenced in 1974, general sentences for more than one crime, while perhaps viewed unfavorably, were permitted and, indeed, were commonplace. See Dorfman, 351 So.2d at 955. Nothing in Dorfman indicated that the rule outlined therein was to be applied retroactively. Moreover, even if Dorfman was held to apply retroactively, Wright would have had to make this claim earlier than 1997, twenty years after the "change in law" represented by Dorfman. There must be some point at which criminal convictions and sentences are final and unassailable. See, e.g., McCray v. State, 699 So.2d 1366 (Fla.1997); Adams v. State, 543 So.2d 1244 (Fla.1989). Although we decline to specify when that point is, certainly a 1974 criminal sentence must be considered final and unassailable in 1997. Therefore, we deny Wright's "general sentence" claim for relief.
For the reasons stated above, we hereby affirm the trial court's denial of Wright's motion for postconviction relief.
NOTES
[1] The sentencing document does show three counts of "unlawful sale of narcotic drug."