CASANUEVA, Judge.
David Wiggins appeals his sentences in thirteen cases following the revocation of community control in each one. We affirm on all issues except the award of his credit for time served.
Pursuant to section 921.161(1), Florida Statutes (1995), Wiggins is entitled to credit for all of the time he spent in the county jail prior to his sentencing. See also State v. Holmes, 360 So.2d 380 (Fla.1978). We find that the record does not conclusively show that he received an appropriate award of credit for the time he previously served on the respective charges. To illustrate this point, in case number 96-02985, Wiggins’ sentence, imposed on February 22,1995, provided for an award of forty-nine days credit for time served before the imposition of the sentence. On October 2,1995, the trial court amended the sentence to impose community control but made no correction or amendment to the amount of credit. When the trial court revoked Wiggins’ community control on June 7, 1996, it sentenced him to a term of sixty months and awarded credit for time served of only thirty-four days. No record evidence supports a reduction of credit for time served and Wiggins may be entitled to more than the thirty-four days most recently awarded.
Wiggins is entitled to have the court records accurately reflect the total time he has served on each of these cases. Accordingly, on remand, the trial court is directed to enter an amended sentencing order in each of Wiggins’ thirteen cases giving the appropriate credit for time served in the county jail. See Tucker v. State, 679 So.2d 1261 (Fla. 2d DCA 1996).
Affirmed in part, reversed in part, and remanded with directions.
PATTERSON, A.C.J., and ALTENBERND, J., concur.