805 So.2d 1039 (2002)
Walter Lee CHANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-462.
District Court of Appeal of Florida, Second District.
January 9, 2002.
GREEN, Judge.
Walter Lee Chaney appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Chaney asserted three claims in his motion, and we reverse as to one.
Chaney stated that in 1990 he pleaded no contest in trial court case numbers 90-4782, 90-9634 and 90-9635, and was sentenced to five years of probation as a habitual felony offender. Chaney subsequently violated his probation and was sentenced to prison under the habitual felony offender statute. See § 775.084(4)(a), Fla. Stat. (1989). Chaney claimed it was improper for the trial court to sentence him to habitual offender sentences upon revocation of his probation because he did not originally receive such sentences. See King v. State, 681 So.2d 1136 (Fla.1996) (stating habitual offender sentence on violation of probation is impermissible where trial court rejected habitual offender sentence by originally sentencing appellant to probation), receded from on other grounds by Carter v. State, 786 So.2d 1173 (Fla. 2001); Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001).
Chaney is entitled to be resentenced pursuant to Pankhurst, unless his original probationary sentences were the result of negotiations with the State. See Pankhurst, 796 So.2d at 620 n. 1 (holding that a defendant who agreed to a sentence of probation as a habitual felony offender is not entitled to relief because such sentence, while not authorized by the statute, is not illegal). Because we cannot determine from the record whether Chaney's original sentence was negotiated with the State, we reverse and remand for further proceedings. On remand, the trial court may only deny the motion if it attaches record documents conclusively demonstrating that Chaney's original sentences were the product of negotiations with the State. Otherwise, Chaney will be entitled to resentencing pursuant to the guidelines.
As to the remaining claims, we affirm.
Affirmed in part; reversed and remanded in part.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.