807 So.2d 128 (2002)
Jesse LALONE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3834.
District Court of Appeal of Florida, Second District.
January 25, 2002.
*129 THREADGILL, EDWARD F., Senior Judge.
Jesse Lalone challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We conclude that the claim in Lalone's motion is facially insufficient, and we affirm, without prejudice, the trial court's denial of the claim. However, because the written sentences are illegal on their face, we are compelled to reverse and remand for further proceedings.
In 1996 Lalone pleaded to battery on a law enforcement officer and resisting an officer without violence, both third-degree felonies. §§ 784.07, 843.01, Fla. Stat. (1993). According to Lalone's motion, the trial court sentenced Lalone as a habitual offender to ten years' prison on each count with the prison sentences suspended in lieu of two years' community control. The sentences were run concurrently. Lalone violated the terms and conditions of his supervision and, upon revocation of community control, was sentenced concurrently on each count to ten years' prison suspended after eight years with the balance to be served on probation.
In his motion Lalone claims that his eight-year habitual offender prison sentences are illegal because his initial sentences of community control were not habitual offender sentences and, therefore, he could not be sentenced as a habitual offender upon revocation of community control. This claim is cognizable in a rule 3.800(a) motion. See Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001). Pankhurst held that a probationary sentence does not constitute a habitual offender sentence because the habitual offender statute requires that a defendant who is sentenced as a habitual offender be sentenced to a term of years, i.e., a prison sentence, that is not more lenient than that recommended by the sentencing guidelines. See also *130 Lett v. State, 805 So.2d 950 (Fla. 2d DCA 2001). In Pankhurst, we concluded that the initial sentence of probation was not a habitual offender sentence even though the trial court pronounced it to be such, and therefore, the trial court could not legally impose a habitual offender sentence upon violation of probation where it did not initially impose a habitual offender sentence.[1] However, a trial court may impose a habitual offender sentence that is not a term of years, or is a term of years that is less than the sentencing guidelines recommended range, if the sentence is imposed pursuant to a plea negotiation with the State. See Pankhurst, 796 So.2d at 619 n. 1. In the present case we are unable to determine from the trial court's attachments whether the sentences of community control as a habitual offender were imposed pursuant to plea negotiations, and Lalone did not allege in his motion that this was not the case. If the community control sentences were imposed pursuant to plea negotiations, Lalone would not be entitled to relief. Thus, we conclude that to state a facially sufficient claim for relief under Pankhurst that a habitual offender sentence is not a legal sentence, a defendant must allege that the sentence was not imposed pursuant to plea negotiations with the State. Because Lalone did not present a facially sufficient claim, we affirm the order of the trial court without prejudice to any right Lalone might have to file a facially sufficient rule 3.800(a) motion raising the same issue.
However, our review of this case does not end here. Not one of the written sentences, neither the community control sentences nor the prison sentences, designates that the sentence is to be served as a habitual offender. Lalone received a ten-year prison sentence with two years suspended on each of his third-degree felony convictions. If Lalone was not sentenced as a habitual offender, a ten-year sentence is above the maximum allowable for a third-degree felony. We therefore remand for the trial court to resentence Lalone within the statutory maximum unless the record conclusively demonstrates that Lalone was orally sentenced as a habitual offender on both his initial community control sentences and his prison sentences,[2] in which case the trial court shall conform the written sentences to the oral pronouncements.
Affirmed and remanded for further proceedings.
ALTENBERND and NORTHCUTT, JJ., Concur.
NOTES
[1] The rationale of Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001), was that a straight probationary sentence is not a term of years and is, therefore, not an authorized habitual offender sentence. Likewise, a community control sentence is not a term of years. The fact that Lalone also received suspended prison sentences does not alter this conclusion. If Lalone had not violated community control, he would never have served a prison sentence.
[2] If they are available, the trial court may find it beneficial to order the transcripts of the sentencings.