830 So.2d 267 (2002)
Johnnie Frank THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1528.
District Court of Appeal of Florida, Second District.
November 15, 2002.
*268 SILBERMAN, Judge.
Johnnie Frank Thornton appeals the order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He claims that his placement on probation as a habitual felony offender was not an authorized habitual offender sentence and was not based on a negotiated plea; thus, he could not be sentenced as a habitual offender upon revocation of his probation. We agree.
On August 6, 1990, Thornton entered an open nolo contendere plea in two separate cases before Judge Harry Lee Coe. The charges were possession of cocaine and grand theft auto. The plea form states that the maximum sentence that could be imposed was five years in prison on each charge. Judge Coe, however, signed a "Subsequent Felony Notice," and filed it in open court. At the sentencing hearing nine days later, Judge Coe imposed concurrent terms of three years' probation. He provided a copy of the written subsequent felony offender notice to Thornton and designated him a subsequent felony offender as special condition 33 on his probation order. Later, Thornton's probation was revoked. Judge Coe imposed twenty years in prison, ten years consecutively on each charge, as a habitual felony offender.
We reverse under the authority of Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001). Thornton's sentences to probation were more lenient than sentences to a term of years and were, therefore, not authorized habitual felony offender sentences. Id. at 620. Consequently, the trial court was precluded from imposing a habitual offender sentence upon revocation of his probation. Id. at 621.
Because the habitual offender sentence imposed upon the revocation of Thornton's probation is illegal, we reverse. Because Mr. Thornton has served the statutory maximum sentences for the offenses, on remand he is entitled to release.
Reversed and remanded.
GREEN and DAVIS, JJ., Concur.