SILBERMAN, Judge.
Eldred Salters appeals the trial court’s denial of his motion seeking resentencing pursuant to Florida Rule of Criminal Procedure 3.800(a). In an earlier appeal, this court reversed the trial court’s summary denial of Salters’ motion and held that “unless his original sentence was the result of a negotiated plea, he must be sentenced pursuant to the sentencing guidelines.” Salters v. State, 805 So.2d 1004, 1004 (Fla. 2d DCA 2001). We affirm because Salters’ sentence was imposed pursuant to a negotiated plea.
*296 In 1996, following discussions with the trial court as to the sentence that would be imposed, Salters pleaded guilty to charges for delivery and possession of cocaine. He acknowledged that the plea was in his best interests, and he and his attorney signed the plea form and presented it to the trial court at the sentencing hearing. The trial court accepted the plea and imposed the agreed upon sentence: a suspended term of ten years’ imprisonment as a habitual felony offender and two years’ community control followed by two years’ probation. The State objected to the sentence as a downward departure.
After Salters violated the terms of his supervision, he received the previously suspended sentence of ten years’ imprisonment as a habitual felony offender. Sal-ters then sought relief from the sentence. After the trial court summarily denied relief, Salters appealed and this court reversed. Id. On remand, the trial court concluded that Salters’ sentence was the result of a negotiated plea with the court, and it again denied relief.
Salters argues that because the State did not agree to the favorable sentence that he received in exchange for his guilty plea, he is entitled to be resentenced within the sentencing guidelines and not as a habitual offender. We disagree.
This court has previously stated that a sentence of probation or community control with a designation as a habitual felony offender was a legal sentence if the sentence was the result of a negotiated plea. See Pankhurst v. State, 796 So.2d 618, 619 n. 1 (Fla. 2d DCA 2001); Hampton v. State, 803 So.2d 813, 815 (Fla. 2d DCA 2001). The record supports the trial court’s conclusion that the guilty plea was negotiated and given in exchange for the agreed upon sentence. Salters accepted the benefits of the negotiated plea by obtaining the sentence of community control and probation instead of a prison sentence as a habitual offender.
The fact that the plea was accepted over the State’s objection and as a result of Salters’ discussions and agreement with the trial court does not render the sentence illegal. As the supreme court concluded in State v. Warner, 762 So.2d 507, 513-14 (Fla.2000), judicial participation in the plea bargaining process is permissible. In Warner, the court approved the decision of the Fourth District Court of Appeal and noted the holding that
a sentence is not per se invalid where the trial court, over the State’s objection, advises a defendant regarding what sentence would be imposed pursuant to a plea of guilty, and accepts the defendant’s subsequent guilty plea.
Warner, 762 So.2d at 508-09. The supreme court recognized that the Fourth and Fifth District Courts of Appeal were in conflict concerning this issue, and it approved the holding in State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), and disapproved State v. Gitto, 731 So.2d 686 (Fla. 5th DCA 1998). Warner, 762 So.2d at 515.
Here, Salters and his attorney negotiated the plea and tendered it after an agreement was reached with the trial court concerning the sentence to be imposed. Salters wanted the benefits of the sentence that was offered in order to have “another chance to live a straight and narrow life.” The trial court accepted the plea being in Salters’ best interests, acknowledged that Salters could “probably be rehabilitated,” noted Salters’ efforts at rehabilitation, and sentenced Salters to the agreed upon sentence. We conclude that the habitual felony offender sentence imposed pursuant to Salters’ agreement with the trial court is legal and that the *297 trial court properly denied Salters’ motion for relief.
Affirmed.
DAVIS and COVINGTON, JJ., Concur.