842 So.2d 979 (2003)
George W. FELDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4134.
District Court of Appeal of Florida, Second District.
April 11, 2003.
*980 DAVIS, Judge.
George W. Felder appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without discussion as to three of his sentences, but we address the three remaining sentences.
Felder claims that he was originally sentenced to probation in case numbers 89-18725, 89-18726, and 89-18727 but that when he violated his probation, he was sentenced as a habitual offender to prison terms in each case. He argues that in sentencing him to probation, the court chose to sentence him pursuant to the sentencing guidelines. Therefore, he claims that upon revocation of probation, he could not be sentenced as a habitual offender.
The record demonstrates that the court originally sentenced Felder to probation terms as a habitual offender in all three cases. Such a sentence is legal only when it has been imposed pursuant to plea negotiations. Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001). In order to state a facially sufficient claim for relief under Pankhurst, a defendant must allege that the sentence was not imposed pursuant to plea negotiations. Lalone v. State, 807 So.2d 128 (Fla. 2d DCA 2002). Felder does not make such an allegation. Therefore, his claim is facially insufficient.
We affirm without prejudice to any right Felder may have to file a facially sufficient rule 3.800(a) motion raising the same claim. See id. Felder would be entitled to be resentenced under the guidelines if the record cannot demonstrate that he entered into a negotiated plea agreement with either the State or the trial court for his probation sentences. See Salters v. State, 840 So.2d 295 (Fla. 2d DCA 2003); Chaney v. State, 805 So.2d 1039 (Fla. 2d DCA 2002).
Furthermore, the doctrine of laches does not bar Felder from raising this claim. Laches is sustainable in a criminal case where there has been both a lack of due diligence on the defendant's part in bringing forth the claim and prejudice to the State. Wright v. State, 711 So.2d 66 (Fla. 3d DCA 1998). Felder could not have stated a successful claim before Pankhurst and its progeny were decided; therefore, he did not lack due diligence in failing to raise this claim sooner.
Affirmed.
WHATLEY and NORTHCUTT, JJ., Concur.