845 So.2d 243 (2003)
Ferman BOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5458.
District Court of Appeal of Florida, Second District.
May 2, 2003.
*244 DAVIS, Judge.
Ferman Bowers appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In case number 90-4686, we affirm the trial court's order denying relief. However, we reverse the trial court's order denying relief as to case number 90-2557.
On March 14, 1990, Bowers pleaded guilty to burglary of a conveyance in case number 90-2557. The trial court sentenced Bowers to two years' community control. On April 18, 1990, Bowers pleaded nolo contendere to possession of cocaine (count one) and possession of drug paraphernalia (count two) in case number 90-4686. The trial court sentenced Bowers to two years' community control on count one and one year community control on count two to run concurrent to count one. Although the record is incomplete, the trial court must have violated Bowers' community control in case 90-2557 because the record indicates that the trial court again placed Bowers on community control for two years in case number 90-2557 on April 18, 1990, ordering the community control to run concurrent with the community control in case number 90-4686. The judgment and sentences indicate that Bowers was sentenced as a subsequent felony offender in both cases. On October 9, 1990, the trial court found that Bowers violated his community control in both cases. In case number 90-2557, the trial court sentenced him as a subsequent felony offender to ten years in prison. In case number 90-4686, the trial court sentenced him as a *245 subsequent felony offender to ten years in prison on count one and to one year in prison on count two to run consecutive to the sentence on count one. The trial court ordered the sentences in case number 90-4686 to run consecutive to the sentence in case number 90-2557.
Bowers claims that his original subsequent felony offender sentences of community control in both cases are illegal because he entered an open plea to all counts. Therefore, he claims his subsequent felony offender sentences upon violation of community control are also illegal. The record in case number 90-4686 refutes this claim. The plea form signed by Bowers in case number 90-4686 demonstrates that he was aware he was pleading no contest in exchange for a habitual offender sentence of community control. Therefore, his plea was negotiated, and his sentence is legal. See Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001); Hampton v. State, 803 So.2d 813 (Fla. 2d DCA 2001), review denied, 819 So.2d 135 (Fla.2002).
As for case number 90-2557, the record does not demonstrate that Bowers entered a negotiated plea in exchange for a subsequent felony offender sentence of community control. The plea form in case number 90-2557 makes no mention of any type of habitual offender sentence. In addition, the record of the plea hearing is not available. Because the record cannot demonstrate that Bowers entered into a negotiated plea agreement with either the State or the trial court for his community control sentence in case number 90-2557, Bowers is entitled to resentencing under the guidelines. See Chaney v. State, 805 So.2d 1039 (Fla. 2d DCA 2002).
Furthermore, the doctrine of laches does not bar Bowers from raising this claim. Laches is sustainable in a criminal case where there has been both a lack of due diligence on the defendant's part in bringing forth the claim and prejudice to the State. Wright v. State, 711 So.2d 66 (Fla. 3d DCA 1998). Bowers did not lack in due diligence in bringing forth this claim because the ground under which he seeks relief was not available until Pankhurst and its progeny were decided.
Bowers' illegal sentence in case number 90-2557 has probably expired by now because it was a ten-year sentence imposed in 1990. However, he is entitled to have his illegal sentence corrected. A trial court can correct an illegal sentence at any time. Fla. R.Crim. P. 3.800(a). Bowers should have only served a maximum of five years on the burglary of a conveyance count, a third-degree felony, in case number 90-2557. See §§ 810.02(3), 775.082(3)(d), Fla. Stat. (1989). Any extra time he spent in prison on the illegal sentence is significant because Bowers' sentences in case number 90-4686 were ordered to run consecutive to his sentence in case number 90-2557. Therefore, when his sentence in case number 90-2557 expired, he would have then begun to serve his sentence in case number 90-4686. Since the beginning date of his sentence in case number 90-4686 is contingent upon the expiration date of his sentence in case number 90-2557, he is entitled to receive credit for the extra time he spent in prison on the illegal sentence applied to his sentences in case number 90-4686.
Accordingly, we affirm the order of the trial court denying relief as to case number 90-4686. As to case number 90-2557, we reverse and remand for resentencing under the guidelines.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and CANADY, JJ., concur.