SILBERMAN, Judge.
The State appeals an order granting Steven Chambers’ motion for postconvietion relief and an order vacating his pleas, judgments, and sentences. We reverse and remand for the trial court to conduct an evidentiary hearing on Chambers’ motion.
In December 2002, after entering a no contest plea, Chambers was convicted of one count of grand theft and sentenced to eighteen months of probation. On April 15, 2003, he admitted to violating his probation and was sentenced to one year in the county jail. Subsequently, Chambers filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. Chambers claimed that his counsel failed to investigate a potential witness and allowed him to enter a plea to a crime that he could not have committed because he was in jail on the date of the offense. The trial court entered an order for the State to show cause why Chambers was not entitled to withdraw his plea. The State responded that Chambers was entitled to a hearing. In its order granting an evidentiary hearing, the trial court noted that Chambers had entered into his plea as a “package deal” with another case and that if Chambers were successful in withdrawing his plea, the State had the option to proceed to trial in both cases. The order indicated that Chambers faced the possibility of five years in prison on each case, if convicted.
In January 2004, at the scheduled evi-dentiary hearing, the trial court elected not to proceed with the taking of evidence. Instead, over the State’s objection, the court granted Chambers’ motion for relief, set aside the original conviction and sentence, and reinstituted the charges. The trial court noted that Chambers had completed his sentence, but based on Chambers’ request for relief, the court would “skip” the evidentiary hearing, let the case go to trial, and let Chambers take his chance on a five-year sentence. The court added that it was aggravated by the situation because Chambers alleged ineffective assistance of counsel and sought to withdraw his plea, putting himself at risk for a greater sentence after serving the sentence that had been imposed. The State twice objected to the trial court dispensing with the evidentiary hearing.
In its written order rendered January 9, 2004, the trial court found that Chambers was entitled to withdraw his plea, granted Chambers’ motion, vacated the judgment and sentence, and scheduled the case for trial. In an order rendered January 14, 2004, which noted that “the following was done in open Court,” the court vacated Chambers’ pleas, judgments, and sentences. In a third order rendered January 16, 2004, the court again granted Chambers’ motion and allowed him to withdraw his plea.
Initially, we note that the State may appeal an order granting postconviction relief. See § 924.066(2), Fla. Stat. (2003); State v. Lasley, 507 So.2d 711 (Fla. 2d DCA 1987). On the merits, we agree with the State’s argument that the trial court improperly granted relief without requiring Chambers to prove ineffective assistance of counsel by establishing deficient performance and prejudice under the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Cordes v. State, 842 So.2d 874, 875 (Fla. 2d DCA 2003) (recognizing that the two-prong Strickland test “applies to requests to withdraw pleas based upon allegations of ineffective assistance of counsel”). Based on the record, we can discern no proper basis for the trial court to have dispensed with the evidentiary hearing.
Chambers contends that the State is not entitled to appellate relief because the or *1178 der rendered January 16, 2004, granted Chambers’ motion to withdraw plea and the State did not specifically ■ appeal that order. Chambers argues that in light-of that order, it is as if Chambers’ plea had never been entered and the only relief available to the State is a trial, as ordered by the trial court. We disagree.
The order rendered January 9, 2004, found that Chambers was entitled to withdraw his plea, granted his motion for relief, and vacated the judgment and sentence. Additionally, the order rendered January 14, 2004, vacated Chambers’ pleas, judgments, and sentences. The fact that yet another order, rendered January 16, 2004, states that Chambers was allowed to withdraw his plea is of no consequence. That order is a nullity because it is duplicative of the earlier orders that provided Chambers with- the -relief that he sought.
Because the trial court did not conduct the evidentiary hearing that it had ordered and Chambers did not prove his claim of ineffective assistance of counsel, we reverse and remand for an evidentiary hearing on Chambers’ rule 3.850 motion.
Reversed and remanded.
FULMER and WHATLEY, JJ., concur.