*78
 
 SILBERMAN, Judge.
 

 Steven Mills appeals the dismissal, as moot, of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He contends that he did not receive the proper credit for time served in circuit court case number CRC93-01091CFANO-K (the 1993 case). We affirm the postconviction court’s dismissal of Mills’ motion.
 

 Mills’ rule 3.800(a) motion asserts that he twice violated his community control in the 1993 case and was ultimately sentenced upon revocation of community control to four years in prison with jail credit for 185 days. He delineates specific amounts of time that he sei'ved in jail and on community control and claims that he should be awarded an additional 75 days as credit for time served in jail and an additional 255 days for time served on community control. The postconviction court dismissed the motion as moot because the attachment to the court’s order reflects that Mills was released from prison on the 1993 case on April 1, 1996. The attachment also reflects that Mills is currently in the custody of the Department of Corrections serving a thirty-year sentence on a 2001 case. Nothing indicates that any relief Mills seeks would have any impact on his current sentence.
 

 Mills contends that the postconviction court erred in dismissing his motion as moot, citing
 
 Tucker v. State,
 
 679 So.2d 1261 (Fla. 2d DCA 1996). In
 
 Tucker,
 
 this court reversed the denial of a rule 3.800(a) motion because the postconviction court did not consider the merits of the claim for credit for time previously served.
 
 Id.
 
 at 1262. The postconviction court in
 
 Tucker
 
 determined that the issue was moot because Tucker had completed his sentences on the cases at issue. On appeal, this court concluded, “Although Tucker is no longer in custody for the cases under review, he is in custody on other charges and is entitled to have the court records accurately reflect the total time he served in prison for the two cases in question.”
 
 Id.
 
 The facts in
 
 Tucker
 
 are not entirely clear as to the timing of Tucker’s offenses and whether there could have been any impact on his subsequent case.
 

 We can envision a situation where credit on a completed sentence would affect a subsequent sentence. For example, if sentences are served consecutively, the amount of credit for time served on the first sentence will affect when the second sentence begins. However, in the present case, Mills was released from prison on the 1993 offense, and years later he committed another offense. He is currently serving a thirty-year sentence on the subsequent offense. The use of limited court resources to address a claimed credit for time served as to Mills’ completed sentence would appear to achieve no purpose. Therefore, we affirm the postconviction court’s order dismissing Mills’ rule 3.800(a) motion as moot.
 

 Affirmed.
 

 KELLY and WALLACE, JJ., Concur.