ALTENBERND, Judge.
 

 Vincent Raines appeals an order denying his petition for writ of habeas corpus. Although we affirm this order, we do so for reasons other than those contained in the order. The sentence imposed in Aioril 1990 in case number 89-20755-A by Judge Harry Lee Coe was an illegal sentence. Nevertheless, Mr. Raines has fully served that sentence. When he filed this petition, he was serving an unrelated state sentence. He claimed in his petition that the 1990 state sentence had affected a 1994 federal sentence, which he is currently serving in federal prison. Even if the trial court had correctly acknowledged that his fully served sentence had been illegal, this acknowledgment would not have authorized the state trial court to order his release or to alter the conditions of his imprisonment as a federal prisoner. If Mr. Raines is entitled to any relief at this point, he must seek it from a federal court.
 

 In 1989, Mr. Raines sold counterfeit crack cocaine to an undercover police officer. Accordingly, he was charged with the third-degree felony described in section 817.563(1), Florida Statutes (1989). When his case was called for trial on April 4, 1990, over the objection of the State, the trial judge directly negotiated a plea with
 
 *245
 
 Mr. Raines’ counsel for a sentence of two years’ community control followed by three years’ probation. During these negotiations, there was no discussion that the sentence would be imposed with a habitual offender designation. Thereafter, during a very abbreviated plea and sentencing hearing, Judge Coe asked whether Mr. Raines had been “noticed as a habitual offender,” but then discussed the guidelines range for the sentence and never actually conducted. the hearing or made any of the determinations required by section 775.084(3), Florida Statutes (1989). Most significantly, Judge Coe never orally announced that Mr. Raines was to be sentenced as a habitual offender. The written sentence prepared after this hearing imposed community control and probation and referred to Mr. Raines as a “subsequent felony offender.”
 
 [1]
 

 Less than two weeks after this sentence was imposed, an affidavit of violation of probation was filed because Mr. Raines did not report to the probation office and did not remain confined to his home. On April 27, 1990, Mr. Raines was resentenced on violation of community control to ten years’ incarceration as a habitual offender.
 
 [2]
 

 Although Mr. Raines’ petition for writ of habeas corpus does not allege the basis for his imprisonment at the time he filed his petition for writ of habeas corpus in 2007, the public records of the Department of Corrections indicate that he finished serving the 1990 sentence in June 1998. Thereafter, he was convicted of other state offenses for which he served a three-year sentence. He was serving this three-year sentence when he filed the petition for writ of habeas corpus as an inmate at Baker Correctional Institution. He was released by the Department of Corrections in July 2007 but did not inform the trial court of this fact. Thus, the trial court assumed he was still in a state prison when it denied the petition in November 2007. The first time that Mr. Raines apparently revealed that he had been transferred to a federal prison was his notice of change of address in this appellate proceeding.
 
 [3]
 

 Mr. Raines alleged in his petition that his ten-year sentence on the violation of probation was illegal because he had not been declared a habitual offender when he was placed on community control, and the court could not impose a habitual offender sentence on a violation of community con
 
 *246
 
 trol under those circumstances. The trial court denied this petition, claiming that the issue should have been raised earlier, either on direct appeal or by a motion pursuant to Florida Rule of Civil Procedure 3.850. It declined to treat the motion as a claim of illegal sentence under rule 3.800(a) because it construed the claim as based on procedural requirements for ha-bitualization rather than on substantive requirements of notice.
 

 We are not confident that the trial court’s reasoning is correct. The supreme court has held that rule 3.800(a) can be used to challenge a discrepancy between an oral and a written sentence when the written sentence is illegal in light of the oral pronouncement.
 
 See Williams v. State,
 
 957 So.2d 600 (Fla.2007). There is no suggestion here that the transcript does not accurately reflect the pronouncement in the trial court.
 
 Cf. Blocker v. State,
 
 968 So.2d 686 (Fla. 2d DCA 2007). If Mr. Raines was not sentenced to community control as a habitual offender, then the case law supports his argument that his subsequent ten-year sentence as a habitual offender was illegal.
 
 See Bowers v. State,
 
 845 So.2d 243 (Fla. 2d DCA 2003);
 
 Chaney v. State,
 
 805 So.2d 1039 (Fla. 2d DCA 2002);
 
 Pankhurst v. State,
 
 796 So.2d 618 (Fla. 2d DCA 2001).
 

 The problem, of course, is that this illegal sentence «was fully served and expired a decade before Mr. Raines filed this petition. At least as a general rule, a sentence cannot be challenged after it has been fully served and has expired because any sentencing issue is moot thereafter.
 
 See Miller v. State,
 
 996 So.2d 954 (Fla. 1st DCA 2008). At best, rule 3.800(a) might be useful to correct a sentencing error in a current state-court sentence as a result of an earlier illegal state-court sentence.
 
 See Mills v. State,
 
 6 So.3d 77 (Fla. 2d DCA 2009);
 
 Tucker v. State,
 
 679 So.2d 1261-62 (Fla. 2d DCA 1996). A petition for habeas corpus must normally be filed in a court that has jurisdiction over the location where the prisoner is confined.
 
 See Valdez-Garcia v. State,
 
 965 So.2d 318 (Fla. 2d DCA 2007). There can be no question that the circuit court in Florida’s Thirteenth Judicial Circuit has no authority to order Mr. Raines’ release from a federal prison in South Carolina. We candidly are uncertain whether there is a mechanism in the federal courts by which Mr. Raines could obtain a change in his federal sentence based on a determination that his 1990 sentence in Florida was illegal, but if there is, that relief must be sought in the appropriate federal court.
 

 Affirmed.
 

 CASANUEVA and LaROSE, JJ., concur.
 

 [1]
 

 .When section 775.084 was first enacted in 1971, it did not use the phrase "habitual offender,” and instead referred to "subsequent felony offenders.”
 
 See
 
 § 775.084, Fla. Stat. (1971); ch. 71-136, Laws of Fla. This sentencing statute was substantially revised in 1975, adding a definition of "habitual offender” and a set of procedures to use when imposing such sentences.
 
 See
 
 ch. 75-116, Laws of Fla. This amendment eliminated all references to "subsequent felony offenders.” Unfortunately, fifteen years later, Judge Coe was still prone to use the old terminology and often the old procedures.
 
 See, e.g., Bowers
 
 v.
 
 State,
 
 845 So.2d 243 (Fla. 2d DCA 2003);
 
 Thornton v. State,
 
 830 So.2d 267 (Fla. 2d DCA 2002);
 
 Bogush v. State,
 
 597 So.2d 420 (Fla. 2d DCA 1992);
 
 Hubbard
 
 v.
 
 State,
 
 588 So.2d 75 (Fla. 2d DCA 1991). So long as the sentence complied with the applicable "habitual offender” sentencing requirements, this court never regarded references to alternative terms such as "subsequent felony offender” or "career criminal” to be errors that invalidated the defendant’s status as a habitual offender.
 

 [2]
 

 . Actually, as he often did, Judge Coe had the standard form altered to reflect that the sentence was a "subsequent felony” sentence.
 

 [3]
 

 . We note that Mr. Raines’ notice of appeal was filed by private counsel. The trial court allowed that counsel to withdraw and appointed the public defender to prosecute this appeal. Under the facts as we now understand them, it seems unlikely that the public defender needed to be appointed to prosecute this appeal.
 
 See McCaskill v. State,
 
 638 So.2d 567, 568 (Fla. 5th DCA 1994).