BLACK, Judge.
James Turner pleaded guilty to aggravated assault, carrying a concealed weapon, and possession of marijuana and was sentenced to two years’ probation on May 19, 2010. On June 13, 2011, his probation was terminated. Upon discovery that his criminal record could not be sealed or expunged, contrary to the information he alleges he received from his trial attorney, Turner filed a timely motion to vacate his conviction pursuant to Florida Rule of Criminal Procedure 3.850(b). The motion was twice dismissed without prejudice to amend for failure to properly swear to allegations in the motion. On October 23, 2012, Turner’s second amended motion was dismissed as moot, based on the termination of Turner’s probation. On appeal, Turner challenges the dismissal of his motion, arguing that the collateral consequences of his convictions prevent his motion from being moot.
Turner raised various claims in his motion, none of which were addressed by the postconviction court. Citing Raines v. State, 14 So.3d 244 (Fla. 2d DCA 2009), and State v. Lasley, 513 So.2d 1372 (Fla. 2d DCA 1987), the postconviction court dismissed the motion. However, Turner is not challenging the legality of his sentence; he is collaterally attacking his conviction. Cf. Raines, 14 So.3d at 246 (stating that “a sentence cannot be challenged after it has been fully served” (emphasis added)). Further, the postconviction court’s reliance on Lasley is misplaced. While the holding of Lasley is that “[i]n the absence of any form of current incarceration, it is manifest that rule 3.850 is not an available platform from which [the defendant] can launch a collateral attack,” 513 So.2d at 1373, the postconviction court failed to recognize that the language of rule 3.850 has changed since the 1987 Lasley ruling and no longer requires that the prisoner be in custody. See Fla. R. Crim. P. 3.850(a) (“The following grounds may be claims for relief from judgment or release from custody ....” (emphasis added)); Wood v. State, 750 So.2d 592, 595 (Fla.1999); see also Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (recognizing Florida courts hold that “an otherwise moot case will not be dismissed if collateral legal consequences *189 that affect the rights of a party flow from the issue to be determined”); Hagan v. State, 853 So.2d 595, 597 (Fla. 5th DCA 2003) (“[T]he appeal was not moot even though the defendant had completed his sentence because the ‘possibility of removing the stigma of a conviction represents a significant practical purpose demonstrating the continuing viability of the appeal.’ ” (quoting Lamb v. State, 526 So.2d 998, 998 (Fla. 1st DCA 1988))).
The supreme court has expressly held that “both custodial and noncustodial movants may rely on and be governed by” rule 3.850. Wood, 750 So.2d at 595; see also State v. Green, 944 So.2d 208, 213-14 (Fla.2006) (“In Wood, this Court eliminated the requirement in rule 3.850 that the defendant be in custody_”). Thus, “[r]ule 3.850 is an appropriate vehicle to seek postconviction relief regardless of whether the movant is ‘in custody.’ ” Auritt v. State, 958 So.2d 1052, 1053 (Fla. 1st DCA 2007).
We reverse the dismissal of Turner’s motion and remand for the postconviction court to consider the motion on the merits.
WALLACE and CRENSHAW, JJ., Concur.