DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KASAN GARSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-688

[February 16, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas Michael Lynch V, Judge; L.T. Case No. 04-1123CF10B.

Kasan Garson, Wewahitchka, pro se.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In this appeal, the defendant challenges an order summarily denying his fifth pro se postconviction motion as successive, and a later entered sanction order prohibiting him from filing any further pro se pleadings in his case. We affirm the sanction order authorized by *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), and dismiss this appeal for lack of jurisdiction as to the order denying the postconviction motion.

The defendant did not timely file his notice of appeal from the order summarily denying his postconviction motion. *See, e.g.*, *Green v. State*, 280 So. 2d 701, 702-03 (Fla. 4th DCA 1973) (for an appellate court to have jurisdiction, an order denying a motion for postconviction relief must be appealed within 30 days). Consequently, we must dismiss the appeal to the extent it seeks review of that order.

On the merits of the defendant's timely filed appeal from the *Spencer* sanction order, the trial court provided the defendant with the legally required notice and advised him that he would have sixty days within which to show cause why the sanction should not be imposed. *See*

*Spencer*, 751 So. 2d at 48 ("[I]t is important for courts to first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence."). However, before the full show cause period expired, the trial court entered the *Spencer* sanction order to which the defendant's notice of appeal was timely filed. One day after entry of the *Spencer* sanction order, the trial court clerk rejected the defendant's response to the show cause order based on the *Spencer* sanction order. The record suggests that the defendant's show cause response and the *Spencer* sanction order crossed in the mail.

Nonetheless, consideration of the defendant's intended response would not have prevented the *Spencer* sanction order's imposition because the reasons which he alleged for why the sanction should not be imposed—he was uneducated in the law, forced to rely on inmate law clerks to assist him, and did not have the financial means to retain counsel to file future postconviction challenges on his behalf—were insufficient to prevent the *Spencer* sanction order's imposition. *See, e.g.*, *Cannie v. State*, 296 So. 3d 546, 547 (Fla. 1st DCA 2020) (response to *Spencer* show cause order insufficient to prevent imposition of sanction where defendant's arguments "failed to show cause" why she should not be prohibited from submitting further pro se filings).

Thus, we conclude that any failure of procedural due process in the imposition of the sanction order was harmless as a matter of law. *See* § 59.041, Fla. Stat. (2003) ("No judgment shall be set aside or reversed . . . for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice."). Accordingly, we affirm the *Spencer* sanction order.

*Dismissed in part; affirmed in part.*

WARNER, GERBER and ARTAU, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

2