# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-1783

_____

MICHAEL TERRANCE PATELLA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Leandra G. Johnson, Judge.

March 11, 2026

WINOKUR, J.

In the lower tribunal, Appellant Michael Patella filed an 81-page Motion for Leave to File Untimely Post-Conviction Relief Under Rule 3.850(b). The motion was not merely a request for leave to file, but a detailed request for postconviction relief that raises numerous claims. Focusing on the substance of the motion rather than its label, we construe the motion as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See Indus. Affiliates, Ltd. v. Testa*, 770 So. 2d 202, 204 n.1 (Fla. 3d DCA 2000) ("[I]f the motion is mislabeled, the court will look to the substance of the motion, not the label.").

The postconviction court dismissed the motion for postconviction relief as moot due to a perceived lack of jurisdiction. In its Order dismissing the motion, the court indicated that it held a hearing on Patella's separate motion for early termination of probation. At the hearing, the court "advised [Patella] that if his probation was terminated, the court would lose jurisdiction to rule on his post-conviction motion[.]" Based on this contention, the court "inquired of [Patella] as to whether he wished to proceed on his request to have his probation terminated, or if he wished to proceed on the post-conviction motion." When Patella indicated that he wished to proceed on his motion for early termination of probation, the court dismissed the postconviction motion as moot.

Because we construe the order as one denying a postconviction motion, and because the court did not hold an evidentiary hearing, the order is "a final appealable order summarily denying the motion with prejudice." Fla. R. Crim. P. 3.850(h)(1); *see also In re Amends. to Fla. Rules of Crim. Proc. 3.850 & 3.853*, 419 So. 3d 629, 631 (Fla. 2025) (moving previous subdivision (f) to (h)). Accordingly, we consider this case as an appeal of an order summarily denying relief. *See* Fla. R. App. P. 9.141(b)(2); *cf. Duncan v. State*, 232 So. 3d 450, 451 n.1 (Fla. 2d DCA. 2017) (treating a dismissal of a motion for postconviction relief as a summary denial for appellate purposes).

Unlike most appeals, we do not presume an order summarily denying a postconviction motion to be correct. We are required to reverse the order "unless the record shows conclusively that the appellant is entitled to no relief," even if the appellant does not file a brief showing entitlement to relief. Fla. R. App. P. 9.141(b)(2)(D).

In this Court, Patella has filed a Motion to Compel Transmission of Complete Record. Because the special appellate rules applicable to summary-denial appeals require that the record on appeal be specifically limited, we deny this motion. *See* Fla. R. App. P. 9.141(b)(2)(A); *Levin v. State*, 298 So. 3d 681, 682 (Fla. 1st DCA 2020) (denying a motion to supplement the record on appeal of a summarily-denied postconviction motion because it "fails to demonstrate that the items sought fall within the scope of the record as defined by Florida Rule of Appellate Procedure 9.141(b)(2)(A)").

Turning to Patella's appeal of the order below, the postconviction court's decision to dismiss was erroneous, as termination of probation, by itself, did not limit Patella's ability to challenge his conviction—nor did it limit the court's jurisdiction to hear that challenge. *See* Fla. R. Crim. P. 3.850(a) (specifying that a motion under this rule is for "relief from judgment," not just "release from custody"). The Florida Supreme Court has ruled explicitly that a movant need not be "in custody" to file a rule 3.850 motion. *See Amend. to Fla. Rule of Crim. Proc. 3.850*, 779 So. 2d 1290 (Fla. 2000) (amending rule 3.850 to delete "the 'in custody' requirement of the former rule"); *Wood v. State*, 750 So. 2d 592, 595 (Fla. 1999) (holding that "both custodial and noncustodial movants" may seek relief under rule 3.850). *See also Turner v. State*, 120 So. 3d 187 (Fla. 2d DCA 2013) (holding that a postconviction motion was not rendered moot on the basis that probation had been terminated). Accordingly, the termination of Patella's probation did not require the dismissal of his postconviction motion.

We state no opinion on whether Patella was permitted to file an untimely postconviction motion pursuant to rule 3.850(b), or whether he was otherwise entitled to any relief. However, we REVERSE and REMAND for the postconviction court to reconsider Patella's motion for postconviction relief under the procedure outlined in rule 3.850(h).

RAY and TREADWELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Terrance Patella, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.

3