805 So.2d 846 (2001)
William R. OMASTA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1448.
District Court of Appeal of Florida, Second District.
August 10, 2001.
Rehearing Denied November 9, 2001.
*847 DAVIS, Judge.
William R. Omasta, Jr., appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Omasta claimed that his 1979 conviction should be vacated because he was denied the right to counsel during his trial resulting in uncounseled convictions which were later used to enhance his current federal sentence. The trial court determined that preparation of transcripts for Omasta's trial was not possible and denied the claim finding that it was barred by the doctrine of laches. The trial court, however, provided no indication that a hearing was held, nor did it attach any record evidence to support its conclusion. We reverse.
Under these circumstances, an evidentiary hearing is necessary to determine whether a claim is barred by the doctrine of laches. See State v. Perry, 786 So.2d 554 (Fla.2001) (approving district court's holding that an evidentiary hearing was necessary to determine whether coram nobis claim is barred by laches). Accordingly, we remand this matter for an evidentiary hearing to resolve the laches issue.
Reversed and remanded.
FULMER, A.C.J., and GREEN, J., Concur.