CASANUEVA, Judge.
William Omasta appeals the order of the trial court granting his motion to withdraw his previously filed Florida Rule of Criminal Procedure 3.850 motion for post conviction relief.
The trial court had no jurisdiction to render this order since the order affected the subject matter of Omasta’s then pending appeal of the summary denial of his rule 3.850 motion. See Hudson v. Hofmann, 471 So.2d 117, 118 (Fla. 2d DCA 1985) (holding that “[ojnce the notices of appeal were filed, the lower court was divested of jurisdiction to proceed with matters related to the final judgment” and that “[cjommon law certiorari is the proper vehicle to review whether the lower court acted in excess of its jurisdiction”). See also Jordan v. State, 782 So.2d 443 (Ma. 2d DCA 2001) (holding that, once the notice of appeal was filed, the trial court was divested of jurisdiction and any order affecting the subject matter of the appeal was a nullity); Edwards v. State, 796 So.2d 569 (Fla. 1st DCA 2001) (holding that, once the notice for a direct appeal was filed, the trial court had no jurisdiction to decide a rule 3.850 motion then pending in the case).
*262 Because the trial court acted in excess of its jurisdiction, we treat the appeal as a petition for writ of certiorari, grant the writ, and quash the order. We remand with instructions that the trial court hold the evidentiary hearing required by this court’s opinion in Omasta v. State, 805 So.2d 846 (Fla. 2d DCA 2001) (case number 2D01-1448) (mandate issued January 4, 2002).
Reversed and remanded.
GREEN and DAVIS, JJ., Concur.