860 So.2d 996 (2003)
Paul W. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3923.
District Court of Appeal of Florida, Fifth District.
October 24, 2003.
Rehearing Denied December 3, 2003.
*997 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.

On Motion for Rehearing
PETERSON, J.
Paul W. Anderson requests that we recall the mandate and grant rehearing of our previous February 11, 2003, Per Curiam Affirmance because a copy of that decision had been mailed to the incorrect office of the public defender. We had previously recalled the mandate. We now grant the motion for rehearing, withdraw our previous decision, and substitute the following opinion for our previous decision.
Anderson appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for collateral relief alleging that his 1982 plea of no contest to grand theft auto and grand theft was unknowing and involuntary because he was not advised of the possibility of deportation. He also alleges that his trial counsel was ineffective for not advising him that he would be subject to deportation and for not seeking a judicial recommendation that would *998 have eliminated that potential. Lastly, he argues that the 1989 adoption of Florida Rule of Criminal Procedure 3.172(c)(8), requiring the sentencing court to advise defendants of the consequences of deportation, should apply retroactively.
A criminal defendant who is not a United States citizen and who has been found guilty of committing a crime in this country can be deported as one of the consequences of illegal activity. Rule 3.172(c)(8) requires that a foreign national be advised of the risk of deportation prior to entering a plea to a criminal charge. However, that requirement was not adopted until 1989, approximately seven years after Anderson entered his plea. Prior to 1989, the possibility of deportation was considered a collateral consequence and no duty existed requiring the court or defense counsel to advise a defendant of that collateral consequence. See State v. Ginebra, 511 So.2d 960 (Fla.1987), superceded by rule, State v. De Abreu, 613 So.2d 453 (Fla.1993). No court has held that rule 3.172(c)(8) should apply retroactively and the Florida Supreme Court recently reaffirmed Ginebra. See Major v. State, 814 So.2d 424 (Fla.2002).

Procedural History
Anderson was convicted of grand theft auto and grand theft in 1982. He did not appeal. In 2000, he filed his first rule 3.850 motion seeking to withdraw his no contest plea because the trial court allegedly failed to inform him of the possibility of deportation and because defense counsel was ineffective for failing to advise him of that consequence. The trial court denied the motion on August 31, 2000, but sua sponte reconsidered the motion on April 20, 2001 and vacated the judgment and sentence. The State appealed that decision and this court reversed finding that the trial court lacked jurisdiction to reconsider the earlier denial as that had not been appealed. See State v. Anderson, 821 So.2d 1206 (Fla. 5th DCA 2002).
Anderson then filed his current rule 3.850 motion on September 16, 2002, alleging facts similar to the first motion. The trial court held that the first order denying relief was res judicata because Anderson had not appealed the first rule 3.850 motion and the State's appeal of the trial court's reconsideration of the first rule 3.850 motion established the law of the case.

Successive Motion, Res Judicata and Law of the Case
We do not view Anderson's second rule 3.850 motion to be barred by either res judicata or the law of the case, because the trial court's reason for denial of the first motion was based upon untimeliness and the prior appeal was based upon the trial court's lack of jurisdiction to reconsider the denial of the first motion. Dismissal of successive motions are appropriate when a prior determination was on the merits rather than on procedural grounds. Fla. R.Crim. P. 3.850(f). The reason given by the trial court for denial of the first motion was Anderson's failure to seek collateral relief within two-years after the judgment became final; in other words, within two-years and 30 days from the date of the judgment. This court's reversal of the order entered after the trial court's reconsideration of the denial of the first motion was based upon the trial court's lack of jurisdiction to reconsider that denial some six months after the initial denial. A motion to reconsider had not been filed and it is unclear how the trial court was prompted to reconsider denial of the first motion. Neither the trial court's prior ruling nor this court's previous reversal on appeal were rulings on the merits and the trial court's denial of the second rule 3.850 motion, the subject of this appeal, based upon res judicata and law of the case was error.

*999 Collateral Relief Entitlement Pursuant to Florida Rule of Criminal Procedure 3.172(c)(8)

Rule 3.172(c)(8) was adopted in 1989, seven years after Anderson entered his plea. At the time Anderson entered his plea, no requirement existed in Florida that would require a court to advise a defendant of the possible deportation consequences. Nevertheless, Anderson contends inter alia that he is still entitled to relief because rule 3.172(c)(8) should be applied retroactively. No court has ever ruled that retroactive application of rule 3.172(c)(8) is applicable and we decline the invitation to do so.

Failure of Counsel to Seek Judicial Recommendation Against Deportation
8 U.S.C.A. § 1251(b), in effect at the time Anderson was sentenced, was eliminated in 1990. This federal statute allowed a defendant who was not a United States Citizen to seek a recommendation against deportation from the sentencing judge. Anderson claims that his defense counsel was ineffective for failing to seek such a recommendation, but fails to allege that counsel was made or should have been aware of Anderson's status as a foreign resident. Counsel is not ineffective for failure to warn of the possibility of deportation when a defendant does not advise counsel of his citizenship and has no noticeable accent that would invite inquiry. See Johnson v. State, 760 So.2d 992 (Fla. 2d DCA 2000).
We affirm the denial of his motion.
AFFIRMED.
SAWAYA, C.J., and ORFINGER, J., concur.