868 So.2d 654 (2004)
Tony L. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5555.
District Court of Appeal of Florida, Second District.
March 19, 2004.
*655 Tony L. Wilson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Tony L. Wilson appeals the summary denial of his motion for postconviction relief. We affirm in part, reverse in part, and remand for further proceedings.
In 1985, after entering no contest pleas, Wilson was convicted of burglary of a conveyance, escape, and resisting arrest without violence. Fifteen years later, he filed his motion for postconviction relief and an addendum to the motion. In the original motion, Wilson claimed that trial counsel failed to advise him that his plea could result in the enhancement of sentences that he might receive for future crimes. We affirm the trial court's conclusions that the claim was timely under Wood v. State, 750 So.2d 592 (Fla.1999), but that it was facially insufficient. The trial court correctly observed that trial counsel is not required to advise a defendant of the collateral consequences of a plea, including the potential enhancement of sentences for future crimes. See Major v. State, 814 So.2d 424, 431 (Fla.2002); Stansel v. State, 825 So.2d 1007, 1009 (Fla. *656 2d DCA 2002). Thus, trial counsel's alleged failure to advise Wilson of the potential sentence-enhancing effect of his plea does not constitute ineffective assistance or render Wilson's plea involuntary as a matter of law. See Bethune v. State, 774 So.2d 4 (Fla. 2d DCA 2000).
In his addendum, Wilson alleged the ineffective assistance of trial counsel based on counsel's failure to advise Wilson of a potential intoxication defense and his failure to investigate, locate, or subpoena witnesses who would have established that Wilson was intoxicated prior to and during his commission of the crimes. The State responded that the claims were not timely under Wood and that Wilson failed to explain any reason for the delay in bringing the claims. In its appellate brief, the State also argued that the doctrine of laches would bar the claims.
Although the trial court's order denies postconviction relief, it is silent as to the claims raised in Wilson's addendum. The record does not otherwise indicate that the trial court ruled on the timeliness or the merits of the claims presented in the addendum or that the trial court considered the applicability of the doctrine of laches.
Accordingly, we reverse the trial court's order to the extent that it disposes of the claims raised in the addendum to Wilson's motion and remand for the trial court to address those claims. If the trial court determines that summary denial is proper, it must set forth its rationale or attach those portions of the record that refute the claims. See Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993); Hoffman v. State, 571 So.2d 449, 450 (Fla.1990). To the extent that the doctrine of laches may bar relief, we note that "[a]pplication of the doctrine often involves factual issues that are not properly resolved without an evidentiary hearing." Love v. State, 814 So.2d 475, 478 (Fla. 4th DCA 2002); see also Williams v. State, 828 So.2d 443 (Fla. 2d DCA 2002).
Affirmed in part, reversed in part, and remanded.
FULMER and STRINGER, JJ., concur.