950 So.2d 434 (2007)
STATE of Florida, Appellant,
v.
Naji Kamel HADDAD, Appellee.
No. 1D05-4610.
District Court of Appeal of Florida, First District.
January 30, 2007.
Charlie Crist, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellant.
Robert Augustus Harper III, Robert A. Harper, Jr., and Jonathan Mitchell Kester of Harper & Harper Law Firm, P.A., Tallahassee, for Appellee.
VAN NORTWICK, J.
The state appeals an order granting post-conviction relief to Naji Kamel Haddad, appellee, thereby permitting Haddad to withdraw his December 7, 1981 plea and vacating the court's orders sentencing Haddad pursuant to such plea. The trial court ruled that Haddad's plea *435 was involuntary because, as a matter of fact, when he entered the plea he did not know that the conviction would become a deportable offense in the future, and had he known that fact, he would not have entered his plea. Because the effect of the trial court's ruling is to apply rule 3.172(c)(8), Florida Rules of Criminal Procedure,[1] retroactively, we reverse and certify a question of great public importance.
Haddad sought coram nobis relief based on an error of fact through the vehicle of a motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, see Wood v. State, 750 So.2d 592 (Fla.1999); Peart v. State, 756 So.2d 42, 45 (Fla.2000). Haddad, who has an American wife and two children, immigrated to this country in 1976 from Lebanon. In 1981, while a student at the University of Florida, Haddad pled nolo contendere to the crime of possession of one tablet of methaqualone. In 1995, Haddad pled guilty to grand theft in Hillsborough County, Florida, and was placed on probation. His petition alleges as follows:
On February 22, 2005, petitioner crossed the Canadian border in order to view the Canadian side of the Niagra Falls. Upon an attempt to reenter the United States, petitioner was detained by border officials from the office of Homeland Security. At this time, petitioner was informed that his prior conviction in 1981 made him eligible for deportation proceedings. This detention was carried out pursuant to a 8 U.S.C.A. 1182(2)(A)(i)(I) and (II) which states that aliens found guilty of drug offenses or crimes of moral turpitude (effective date December 17, 2004) are to classified as inadmissible to enter into the United States. Until February 22, 2005, petitioner did not and could not have had knowledge that the entry of his 1981 plea would subject him to possible deportation.[2]
Haddad's immigration attorney advised the trial court that in 1981 it was not known, could not have been known, and could not have been reasonably anticipated that the law would change in 1996[3] to make the 1981 possession conviction a mandatory basis for deportation. Haddad argued that his 1981 plea was not knowingly and voluntarily entered because he was not advised, and did not know, that deportation may result from the conviction. Haddad testified that he first learned of the possibility of deportation on February 22, 2005, when he was denied reentry into the U.S. because of the 1981 conviction. The state correctly acknowledges that Haddad's motion was timely. See Peart, 756 So.2d at 46; see also State v. Green, 944 So.2d 208 (Fla.2006).
After an evidentiary hearing, the trial court made extensive factual findings and *436 expressly found that, if the 1981 conviction is vacated,
[Haddad] has a good chance of not being deported as a result of the Hillsborough County conviction. If the Alachua County conviction is not vacated he will be deported. The Court finds that loss of a "good chance" to avoid otherwise certain deportation is prejudice.
Based upon its findings, the trial court ruled, as follows:
A. Defendant's motion is hereby granted, based upon the following showings: 1) The facts upon which defendant's motion is based (possibility of deportation as a result of a plea leading to conviction) was unknown to defendant; 2) Defendant and his counsel could not have known of them by the use of due diligence; 3) had the facts been known by the trial court at sentencing, the Court probably would not have entered a judgment against the Defendant (in this case, because he would not have entered a plea). [State v. Perry, 786 So.2d 554 (Fla.2001).]
B. Defendant is permitted to withdraw his plea, and such withdrawal is hereby accepted.
C. The Order Withholding Adjudication of Guilt and Placing Defendant on Probation entered herein on 17 February 1982 is hereby vacated and set aside.
D. The Orders of Modification entered herein on 26 January 1987 and on 7 June 1984 are hereby vacated and set aside.
In Peart, the Florida Supreme Court held that a petitioner could use a writ of error coram nobis to claim that his plea was not voluntary in cases where he was not advised as to the deportation consequences of the plea contrary to rule 3.172(c)(8). 756 So.2d at 45. The court explained:
The petition should fully assert the evidence upon which the alleged facts may be proven and the source of such evidence. The facts upon which the petition is based must have been unknown at trial, and it must appear that the defendant and counsel could not have known of them by the use of diligence. When the alleged facts are sufficient in legal effect  meaning that if the alleged facts had been known by the trial court at the previous hearing the court probably would not have entered a judgment against the defendant  the next step is for the trial court to determine the truth of the allegations in an evidentiary hearing.
Id. (citations omitted). Thus, while the writ of error coram nobis has been subsumed in rule 3.850, a mistake of fact unknown by the defendant at the time he entered the plea, and which by the exercise of reasonable diligence could not have been discovered in time to have been presented to the court, may constitute the basis for a request for coram nobis relief. See Wood, 750 So.2d at 593.
Rule 3.172(c) was amended effective January 1, 1989 by adding subsection (8), see In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla. 1988), requiring that a defendant entering a plea be advised of the possibility of deportation. The state argues that the trial court erred in applying rule 3.172(c)(8) retroactively and that the present case is controlled by State v. Ginebra, 511 So.2d 960 (Fla.1987). Haddad submits that because he is raising issues of fact, not of law, the trial court's ruling is fully supported by Peart.
Florida courts have uniformly held that rule 3.172(c)(8) is not to be applied retroactively. Anderson v. State, 860 So.2d 996 (Fla. 5th DCA 2003); and Ghanavati v. State, 820 So.2d 989 (Fla. 4th *437 DCA 2002); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001). For pre-1989 cases, a plea may be attacked only if the defendant received positive misadvice of counsel regarding immigration consequences. State v. Sallato, 519 So.2d 605, 606 (Fla.1988). In Richardson, the third district concisely explained the relationship between rule 3.172(c)(8) and Ginebra:
In Ginebra, the Florida Supreme Court held that deportation is a collateral consequence of a defendant's plea and that a defendant is not entitled to post-conviction relief because the court or counsel failed to advise the defendant that a guilty plea could subject the defendant to deportation. Id. at 960-62. A defendant could obtain post-conviction relief if he received positive misadvice concerning deportation, see State v. Sallato, 519 So.2d 605 (Fla.1988), but not if there was simply a failure to advise or warn the defendant regarding possible deportation consequences.
Effective January 1, 1989, the court amended Florida Rule of Criminal Procedure 3.172 to require that during a plea colloquy, the court must advise a defendant regarding possible deportation consequences of the defendant's plea. Peart, 756 So.2d at 47 n. 5. The new rule superseded Ginebra to the extent of any inconsistency. Id. Thus, the new rule was controlling for pleas entered during 1989 and thereafter.
Richardson, 785 So.2d at 587 (footnote omitted). Because Ginebra continues to govern pre-1989 pleas, we are obligated to reverse.
We agree, however, with the following observations of Judge Cope in Richardson:
We believe that the intent of Peart was to make post-conviction relief available where the defendant can establish a lack of awareness of the deportation consequences of the plea. We would urge the court to consider whether the relief granted in Peart should be extended to those who entered into pleas prior to January 1, 1989.
Id. at 588. Accordingly, we certify the following question of great public importance:
WHETHER A DEFENDANT IS ENTITLED TO VACATE HIS 1981 PLEA ON ACCOUNT OF A LACK OF AWARENESS OF DEPORTATION CONSEQUENCES, WHERE AT THE TIME OF HIS PLEA THE CONVICTION HAD NO DEPORTATION CONSEQUENCES BUT, AS A RESULT OF CHANGES IN FEDERAL LAW IN 1996, THE 1981 CONVICTION WAS MADE A MANDATORY BASIS FOR DEPORTATION.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD and LEWIS, JJ., concur.
NOTES
[1] Rule 3.172(c)(8), Florida Rules of Criminal Procedure, provides in pertinent part, that:

if [the defendant] pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases. . . .
[2] Haddad presently faces formal removal proceedings. While there is a distinction between a "removal" and a "deportation" proceeding, see, e.g., Balogun v. U.S. Att'y Gen., 425 F.3d 1356 (11th Cir.2005), the trial court treated them as interchangeable and so do we.
[3] See the Illegal Immigration Refort and Immigrant Responsibility Act, Pub.L. No. 104-208, div. C., 110 Stat. 3009-546 (1996), and Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (1996).