979 So.2d 1036 (2008)
Naji HADDAD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2469.
District Court of Appeal of Florida, First District.
March 18, 2008.
Rehearing Denied April 28, 2008.
*1037 Robert Augustus Harper and Robert Augustus Harper, III, of Harper & Harper Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Edward C. Hill, Jr., Special Counsel, Criminal Appeals, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief. We affirm.

Background
In 1976, appellant moved with his parents to the United States to escape a civil war that had erupted in Lebanon. For 29 consecutive years, appellant had not left the United States and had always maintained the status of a permanent legal resident. While residing in the United States, appellant married and fathered three children.
In December 1981, appellant entered a plea of guilty to one count of possession of one tablet of Methaqualone, a controlled substance. Appellant was sentenced to five years on probation for this offense. Appellant completed his term of probation without committing any infractions. On February 22, 2005, appellant crossed the Canadian border in order to view the Canadian side of Niagara Falls. When appellant attempted to reenter the United States he was detained at the border and informed that he was subject to deportation due to his 1981 conviction.
On May 5, 2005, appellant filed a motion for postconviction relief asserting that his previously entered plea was involuntarily entered because he did not know the deportation consequences of the plea. On July 6, 2005, an evidentiary hearing was conducted and the trial court granted appellant's request for relief.
The State of Florida appealed and this court reversed. State v. Haddad, 950 So.2d 434 (Fla. 1st DCA 2007). We held: "For pre-1989 cases, a plea may be attacked only if the defendant received positive misadvice of counsel regarding immigration consequences." Id. at 437 (emphasis added). We certified the following question to be of great public importance to the Supreme Court:
WHETHER A DEFENDANT IS ENTITLED TO VACATE HIS 1981 PLEA ON ACCOUNT OF A LACK OF AWARENESS OF DEPORTATION CONSEQUENCES, WHERE AT THE TIME OF HIS PLEA THE CONVICTION HAD NO DEPORTATION CONSEQUENCES BUT, AS A RESULT OF CHANGES IN FEDERAL LAW IN 1996, THE 1981 CONVICTION WAS MADE A MANDATORY BASIS FOR DEPORTATION.
Id. The Supreme Court of Florida declined to accept jurisdiction. Haddad v. State, 954 So.2d 1155 (Fla.2007) (table). After *1038 the supreme court declined review, mandate for this court's opinion issued on March 29, 2007. Upon the issuance of mandate, the trial court entered its order summarily denying the motion for postconviction relief on April 11, 2007.

Analysis
The appellant asserts that he was entitled to notice prior to the trial court summarily denying his motion on remand. The appellant asserts that, given notice, he would have amended his motion to allege that he did, in fact, receive positive misadvice regarding deportation consequences of his plea.
Contrary to appellant's assertions, he was not entitled to any notice prior to the trial court's summary denial of his motion on remand. Florida Rule of Criminal Procedure 3.850(d) specifically contemplates the summary denial of postconviction motions. Furthermore, after this court reversed, and the supreme court declined review, the trial court was left with no option but to deny the motion pursuant to this court's opinion and mandate. Cf. Rodriguez v. State, 924 So.2d 985 (Fla. 2d DCA 2006) ("In carrying out an appellate court's mandate, the trial court's role is purely ministerial."); Milton v. Keith, 503 So.2d 1312 (Fla. 3d DCA 1987) (holding that upon issuance of mandate, the trial court must obey, implement or effectuate the appellate court's order or decree). The appellant's assertion that the denial of his postconviction motion is in the nature of a final summary judgment, and therefore governed by Florida Rule of Civil Procedure 1.510(c), is erroneous. Motions for postconviction relief are governed by rule 3.850, and pursuant to that rule, there is no notice requirement when a trial court summarily denies a motion.

Conclusion
Because appellant was not entitled to any notice prior to the trial court's denial of his motion for postconviction relief, and the trial court was constrained to deny relief, we affirm the trial court's order.
AFFIRMED.
POLSTON and HAWKES, JJ., concur; THOMAS, J. concurs with opinion.
THOMAS, J., concurring.
I concur with the panel's decision affirming the denial of Appellant's motion for postconviction relief. I write to acknowledge that Appellant's only remedy in this case lies with the executive branch through the exercise of its clemency power. See Art. IV, sect. 8(a), Fla. Const. (2007); see also Art. II, sect. 3, Fla. Const. (2007).