992 So.2d 427 (2008)
Roberto Martin ALMANZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-2366.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Alex Solomiany, Miami, for appellant.
Bill McCollum, Attorney General, for appellee.
Before COPE, CORTIÑAS, and LAGOA, JJ.
COPE, J.
This is an appeal of an order denying a motion for postconviction relief in which defendant-appellant Roberto Martin Almanza sought to set aside a plea on account of a failure to warn of deportation consequences. We affirm.
The defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He alleged that in 1995 he entered a guilty plea to the charges of aggravated assault with a firearm and carrying a concealed firearm. He was sentenced to two years of probation.
The defendant alleges that at the time he entered his guilty plea, the trial court failed to warn of possible deportation consequences as required by Florida Rule of Criminal Procedure 3.172(c)(8). The defendant states that in December 2007, he received a Notice to Appear for removal proceedings under section 240 of the Immigration and Nationality Act. He alleges that his motion for postconviction relief is timely under State v. Green, 944 So.2d 208 (Fla.2006).
We affirm the denial of relief because the Notice to Appear is based solely on the *428 allegation of the Immigration and Naturalization Service that defendant entered the United States "on or about March 29, 1991 as a nonimmigrant VISITOR FOR PLEASURE with authorization to remain in the United States for a temporary period not to exceed June 28, 1991; [and] ... remained in the United States beyond June 28, 1991 without authorization." The Notice to Appear does not mention the 1995 guilty plea. Because it does not appear that the deportation proceedings are based on the 1995 guilty plea, the defendant has not demonstrated prejudice by reason of the guilty plea. Therefore we affirm the trial court's order denying postconviction relief.
As was true in Orozco v. State, 987 So.2d 816 (Fla. 3d DCA 2008), our ruling is without prejudice to the defendant to file a new motion alleging (if true) "that his expired visa does not constitute an independently sufficient basis for his removal under applicable law," id. at 817, and pleading the other required elements of State v. Green.
Affirmed without prejudice to the filing and prosecution of a verified motion consistent with this opinion.