[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14677
Non-Argument Calendar

_____

D. C. Docket No. 07-23095-CV-ASG

JEAN J. JULES,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF THE STATE
OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 19, 2009)**

Before MARCUS, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Jean J. Jules, a Florida state prisoner proceeding pro se, appeals the district court's denial of his petition for habeas relief pursuant to 28 U.S.C. § 2254. Jules filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. For the reasons stated herein, we conclude that Jules's petition is without merit and **AFFIRM** the district court's denial.

## I. BACKGROUND

Because the procedural history in this case is lengthy, we will address only the state convictions and motions relevant to this appeal.

Jules has state convictions from 1985, 1986, and 1987, all of which resulted from guilty pleas. In 1988, Jules was charged in state court with burglary and possession of cannabis in case number 88-33816. In 1989, he was charged in state court with burglary and grand theft in case number 89-2983. He pleaded nolo contendere to all charges in 1989 and was sentenced as a habitual offender to 40 years' imprisonment. At the plea hearing, the state court confirmed that Jules was satisfied with counsel, understood his rights and the possible sentences, and was

2

pleading guilty without coercion. Jules did not file a direct appeal. Although his 1988 and 1989 cases were combined at the time of the plea and for sentencing purposes, Jules filed separate post-conviction motions for relief for each case. In these motions, he challenged his sentence, claimed ineffective assistance of counsel, and raised double jeopardy claims.

In 2002, Jules filed a motion in state court pursuant to Rule 3.850 seeking to vacate, set aside, or correct his sentence in case number 88-33816, alleging that his pleas were involuntary because he had not been informed of the immigration consequences of his pleading guilty. Fla. R. Crim. P. 3.850. According to Jules, he was notified by the INS of on-going deportation proceedings in 1994 or 1995, but had not been informed at his plea hearings in 1985, 1986, 1987, or 1989 that entering a guilty plea would make him eligible for deportation. He noted that Florida Criminal Procedure Rule 3.172(c)(8) requires the state court to inform a criminal defendant of collateral consequences prior to accepting a plea. The state court denied Jules's motion on the ground of laches. The decision was affirmed on appeal.

In 2007, Jules filed a motion pursuant to Rule 3.800(a) seeking to correct the sentence imposed in case number 89-2983, challenging his sentence as illegal on the ground that he had not been advised of the immigration consequences of his

guilty pleas. Fla. R. Crim. P. 3.800(a). He alleged that he would not have pleaded had he known of these consequences. The state court denied this motion without a hearing. Jules initially appealed this decision, then voluntarily dismissed the appeal.

Thereafter, Jules filed another motion to correct pursuant to Rule 3.850 ("Rule 3.850 motion"), seeking to vacate his guilty pleas from 1985, 1986, 1987 and 1989. He noted that the Florida Rules of Criminal Procedure were amended in 1989 to require the state court to inform defendants of the collateral consequences of their pleas. See Fla. R. Crim. P. 3.172(c)(8). He claimed that he was unaware when he pleaded guilty in 1985, 1986, and 1987 that these convictions would require mandatory deportation. He further alleged that he was not informed of these consequences at his plea hearing in 1989, even though the new law required the court to so inform him, and that he was therefore prejudiced by the court's failure to advise him as evidenced by the fact that he was facing deportation proceedings. The state court denied this motion without a hearing, concluding that Rule 3.172 was not retroactively applicable and therefore did not provide a basis for vacating Jules's guilty pleas from 1985, 1986 and 1987. It also found that Jules's prior convictions in 1985, 1986 and 1987 provided sufficient independent basis for deportation and that he was therefore not prejudiced by the state court's

4

failure to advise him of his 1989 pleas' implications on his immigration status. Accordingly, the state court found that Rule 3.172 did not allow Jules to withdraw his guilty pleas. Jules sought rehearing, which was denied. The decision was affirmed on appeal.

Jules thereafter filed the instant petition for relief in federal district court, challenging the constitutionality of his state convictions pursuant to § 2254. In this petition, Jules asserts the state court (1) committed prejudicial error by denying his Rule 3.850 motion without an evidentiary hearing and without attaching the portions of the record which refuted his claim and (2) violated his rights under the Due Process clause by failing to advise him of the immigration consequences of his pleas. The state responded that the petition failed to state a constitutional violation entitling Jules to habeas relief. The reviewing magistrate judge recommended that the petition be denied for failing to state a cognizable basis for federal relief. The district court adopted the recommendation of the magistrate judge and denied Jules's petition. Jules requested a certificate of appealability, which the district court granted on both issues.

## II. STANDARD OF REVIEW

In reviewing a district court's denial of habeas relief, factual findings are reviewed for clear error and questions of law are reviewed <u>de novo</u>. <u>Nyland v.</u>

5

Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). A state court's factual

determinations are presumed to be correct unless shown otherwise by clear and

convincing evidence. 28 U.S.C § 2254(e).

Pursuant to the AEDPA,

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). A state court's decision is "contrary to" clearly

established federal law if either (1) the state court applied a rule that contradicts the

governing law set forth by the Supreme Court case law, or (2) when faced with

materially indistinguishable facts, the state court arrived at a result different from

that reached by the Supreme Court case. Bottoson v. Moore, 234 F.3d 526, 531

(11th Cir. 2000) (citing Williams v. Taylor, 529 U.S. 362 (2000)). A state court

decision involves an unreasonable application of Supreme Court precedent "if the

state court identifies the correct governing legal rule from [Supreme Court] cases

but unreasonably applies it to the facts of the particular state prisoner's case." Id.

In addition, a state court decision involves an unreasonable application of Supreme

6

Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id.

### III. DISCUSSION

*A.    Lack of Evidentiary Hearing and Citation to the Record*

On appeal, Jules reasserts his argument that the state court violated clearly established law as set forth by Florida Rules of Criminal Procedure 3.850(d) by failing to hold an evidentiary hearing and identify those portions of the record refuting his claims prior to denying his Rule 3.850 motion. He claims that the district court erred in denying his habeas petition because Florida law "creates a constitutional requirement upon the trial court" to either state its rationale in its decision or attach the specific parts of the record that refute each claim presented by a defendant.

We conclude that the district court properly denied relief on this issue. As we have held, "[n]either the state court's failure to hold a hearing on petitioner's 3.850 motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction." Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987); see also Anderson v. Sec'y Dept. of Corrs., 462 F.3d

7

1319, 1330-31 (11th Cir. 2006) (noting that "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of constitutional nature is involved").  As such, the state court's alleged violation of its own procedural rules can not entitle Jules to federal habeas relief.

Moreover, Jules misunderstands the standard of review.  Even assuming the state court's decision is contrary to established state law, Jules is only entitled to habeas relief if the state court's decision is contrary to established *federal* law, specifically United States Supreme Court case law.  Anderson, 462 F.3d at 1331.  As the issue here does not implicate a Supreme Court decision, we conclude that Jules is not entitled to habeas relief and we affirm the district court on this issue.

B.      *Failure to Advise Regarding Immigration Consequences of Plea*

Jules next argues that the district court erred in finding that he is not entitled to habeas relief due to the state court's failure to advise him of the collateral consequences of his plea as required by Florida Rule of Criminal Procedure 3.172.  He alleges that he would not have pleaded guilty had he known the immigration consequences and thus he should be permitted to withdraw his pleas because he now faces deportation proceedings.

Rule 3.172(c)(8) requires the state court to advise a defendant of possible immigration consequences flowing from the entry of a nolo contendere plea.  Fla.

8

R. Crim. P. 3.172(c)(8). The failure to comply with this Rule, however, will not invalidate a plea unless a defendant demonstrates prejudice by reason of the plea. See Almanza v. State, 992 So.2d 427, 428 (Fla. Dist. Ct. App. 2008). Accordingly, Florida courts require the defendant to establish that the plea in the case under attack is the *only* basis for deportation. Forrest v. State, 988 So.2d 38, 40 (Fla. Dist. Ct. App. 2008). "Only then can the movant show prejudice resulting from the failure to advise of deportation consequences in the case under attack." Id.; see State v. Seraphin, 818 So.2d 485, 488-89 (Fla. 2002) (explaining that to establish prejudice in this type of claim the motion must show that the movant would not have entered the plea if properly advised). Florida courts have uniformly held that rule 3.172(c)(8) is not to be applied retroactively to pleas entered before 1989. State v. Haddad, 950 So.2d 434, 436 (Fla. Dist. Ct. App. 2007).

Here, Jules entered pleas in 1985, 1986, 1987 and 1989. Only the 1989 plea was subject to the requirements of Rule 3.172(c)(8). Id. As Jules conceded in his post-conviction motions, any of his prior convictions could have required mandatory deportation. Thus, because the earlier convictions not subject to the rule provide an independent basis for deportation, Jules can not show prejudice from the state court's failure to advise him of the deportation consequences of his plea in 1989. See State v. Oakley, 715 So.2d 956 (Fla. Dist. Ct. App. 1998)

9

(finding that movant failed to establish prejudice where the record showed he could be deported based on other convictions). Accordingly, we conclude that the state court properly denied Jules's Rule 3.850 motion.

We further conclude that Jules has not shown that the state court's decision is contrary to or an unreasonable application of federal law. As we have repeatedly held, there is no constitutional requirement that a defendant be advised of collateral consequences of a plea, and the failure to advise a defendant does not render a plea involuntary. McCarthy v. United States, 320 F.3d 1230, 1234 (11th Cir. 2003); see also United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985) (explaining that deportation is a collateral consequence and "counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance."). As such, Jules is not entitled to habeas relief on this ground and we affirm the district court.

## IV. CONCLUSION

Because the state court's decision was not contrary to or an unreasonable application of federal law, the district court properly denied Jules's petition for habeas relief. Accordingly, we **AFFIRM**.