*724
 
 GALLEN, THOMAS M., Associate Senior Judge.
 

 James Bain appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.858. We reverse and remand for an evidentiary hearing.
 

 After a jury trial in 1974, Bain was convicted of rape, burglary with an assault, and kidnapping. He was sentenced to life in prison. He filed the instant rule 3.853 motion in 2006. In his motion, Bain sought DNA testing of the victim’s underwear and pajamas which were allegedly introduced by the State at trial because they contained Bain’s blood, saliva, and semen. Bain argued that DNA testing would prove that he is innocent of the crimes for which he was convicted. He claimed that he was partying with his friends on the night of the offense and was nowhere near the victim’s residence and that he used an alibi defense at trial. Bain contended that the victim was coerced into identifying him as the perpetrator.
 

 The postconviction court denied Bain’s motion as untimely. He appealed, and this court reversed because “no time limit applies to rule 3.853 motions for postconviction DNA testing filed on or after October 1, 2005.”
 
 Bain v. State,
 
 963 So.2d 913, 914 (Fla. 2d DCA 2007). This court directed the postconviction court to order the State to respond to the motion and to hold a hearing if necessary.
 
 Id.; see also
 
 Fla. R.Crim. P. 3.853(c)(2).
 

 On remand, the State responded that certain physical exhibits (consisting of two pairs of trousers and two pairs of shorts) remain in the circuit court’s custody. However, the State contended that the motion is barred by the doctrine of laches because the trial transcript in the case has been long since destroyed and due to the destruction of the trial transcript, it is unclear whether the source of the physical evidence can be identified. The State also asserted that the arresting agency retains no records or physical exhibits. The State contended that even though rule 3.853 provides no deadline for seeking DNA testing, the State would be prejudiced by any DNA testing because it would be unable to reconstruct the over thirty-year-old case because the witnesses may not be located, their recollections would be substantially diminished by the inordinate passage of time, and records that could be used to refresh their recollections are unobtainable. The State also argued that the motion should be denied on the merits because the surviving records show that there is no reasonable probability that the DNA evidence would have resulted in an acquittal.
 

 The postconviction court found Bain’s motion to be “facially sufficient as a matter of law.” The postconviction court also found the State’s arguments to be “well taken and adopt[ed]” them.
 

 “Laches is sustainable in a criminal case where there has been both a lack of due diligence on the defendant’s part in bringing forth the claim and prejudice to the State.”
 
 Felder v. State,
 
 842 So.2d 979, 980 (Fla. 2d DCA 2003) (citing
 
 Wright v. State,
 
 711 So.2d 66, 67 (Fla. 3d DCA 1998)). However, the “ ‘[application of the doctrine [of laches] often involves factual issues that are not properly resolved without an evidentiary hearing.’ ”
 
 Wilson v. State,
 
 868 So.2d 654, 656 (Fla. 2d DCA 2004) (first alternation in original) (quoting
 
 Love v. State,
 
 814 So.2d 475, 478 (Fla. 4th DCA 2002));
 
 see also Omasta v. State,
 
 805 So.2d 846, 847 (Fla. 2d DCA 2001) (holding that evidentiary hearing was required to
 
 *725
 
 determine whether postconviction motion was barred by the doctrine of laches). In the instant case, the postconviction court erred in denying Bain’s motion on the basis of the doctrine of laches without first conducting an evidentiary hearing, especially in light of the State’s assertion that the trial transcripts do not exist but that certain other records and evidence do still exist.
 
 See Love,
 
 814 So.2d at 478 (holding that evidentiary hearing should be held on state’s claim that laches bars postconviction motion because no transcripts of the plea proceeding exist).
 

 We decline to reach the merits of Bain’s motion based on the limited record before us.
 

 Accordingly, we reverse the postconviction court’s order of denial and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 WHATLEY and DAVIS, JJ„ Concur.