ON MOTION FOR REHEARING, TO WRITE OPINION, OR FOR REHEARING EN BANC
 

 PER CURIAM.
 

 Appellant Marie Francis’s motion for rehearing and for an opinion is granted. Her motion for rehearing
 
 en banc
 
 is denied. We withdraw our previous
 
 per cu-riam
 
 affirmance and substitute the following opinion in its place.
 

 Marie Francis, once known as Monica Bailey, appeals a trial court order summarily denying her motion for postconviction relief and a motion for rehearing which followed. In her motion, she alleged failure of the trial court to advise her during her 1984 guilty plea to possession of marijuana in excess of twenty grams that her plea could subject her to deportation. In a duly verified supplement to her motion, she added an allegation that her defense counsel affirmatively misadvised her that she would never be deported as the result of her guilty plea and conviction in this case.
 

 When the trial court summarily denied relief, apparently it had not received or reviewed the supplement to the motion alleging affirmative misadvice of counsel, because the order stated that she had not alleged positive or affirmative advice of counsel. On rehearing, the trial court again denied relief, stating that even with the supplement alleging affirmative misad-vice of counsel, the motion should fail on its merits because deportation is a collateral consequence of a plea and a defendant is not entitled to relief when the court or counsel failed to advise her of the possibility of deportation. That rationale would apply if Francis were alleging only failure to advise of the deportation consequences rather than affirmative misadvice as well. The trial court noted that Fla. R.Crim. P. 3.172(c) was amended effective January 1, 1989 to add a subsection (8) which required that a defendant entering a plea to be advised of the possibility of deportation. Francis pleaded guilty in 1984, before this date, which does not apply retroactively.
 
 *287
 

 State v. Haddad,
 
 950 So.2d 434 (Fla. 1st DCA 2007). Thus, the plea may be attacked in this case only if the defendant received positive or affirmative misadvice of counsel regarding immigration or deportation consequences.
 
 Id.
 
 at 436-37. Francis satisfied that pleading requirement.
 

 Francis’s motion was filed within the two-year window period allowed for comparable claims in
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006). The state has argued in its response filed here, and for the first time, that laches should bar relief in this case since Francis entered her plea twenty-four years before filing her rule 3.850 motion. Laches is a defense requiring proof of lack of diligence by the party against whom the defense is asserted, and prejudice to the party asserting the defense. Resolution of a claim of laches often involves factual issues and requires an evidentiary hearing.
 
 Love v. State,
 
 814 So.2d 475, 478 (Fla. 4th DCA 2002).
 
 See also Bain v. State,
 
 9 So.3d 723 (Fla. 2d DCA 2009).
 

 Here, an evidentiary hearing on laches as a defense for the state is warranted. Francis has advised that a transcript of her plea hearing is not available, but her claim is one of affirmative misad-vice of her counsel, which would not necessarily have been recorded in a hearing transcript. Her claim may require an evi-dentiary hearing in which she and her counsel testify as to what transpired in her case. She has not alleged, and the state has not alleged or demonstrated, that this testimony is not available. It remains possible that the state will be able to demonstrate prejudice below by the unavailability of a transcript which could refute any evidence presented on the claim of affirmative misadvice, but this will be for the trial court to determine. The claim of laches cannot be resolved in this court as a matter of law, but should be considered by the trial court on remand.
 

 For these reasons we reverse the trial court’s order summarily denying relief on the merits and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 POLEN, HAZOURI and DAMOORGIAN, JJ., concur.