PER CURIAM.
Marcela Lalime (Lalime) appeals an order summarily denying her second amended motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse.
On January 28, 1993, Lalime entered into a negotiated plea of nolo contendere to four counts of obtaining a prescription by fraud, and the remaining ten counts were nolle prossed. The trial court withheld adjudication[1] and placed her on pro *1176 bation for two years. There was no direct appeal and no prior postconviction motions filed.
On October 6, 2008, Lalime filed a sworn motion for postconviction relief, pursuant to rule 3.850, Florida Rule of Criminal Procedure, in which she sought to withdraw her plea. Pursuant to Spera v. State, 971 So.2d 754 (Fla.2007), the trial court dismissed her amended motion and allowed her to file a second amended one, the denial of which prompted this appeal.
In her second amended motion, Lalime alleged that the trial court failed to determine that her plea was knowingly and voluntarily entered, because the court failed to advise her, pursuant to rule 3.172(c)(8), that her plea could subject her to deportation. The motion further alleged that her defense counsel had affirmatively misadvised her that the plea would not subject her to deportation, and the trial court failed to cure the affirmative misadvice. She attached exhibit 1, her former defense counsel’s affidavit, in which he explained that in January 1993, it was his legal opinion that a withhold of adjudication was not considered a conviction for immigration purposes, and it would not affect Lalime’s immigration status.
Although a warning as to deportation consequences appeared in paragraph nineteen of the plea petition, which Lalime signed, she alleged that counsel negated the warning when he misadvised her concerning immigration consequences. No event in her life experience gave her reason to inquire beyond the advice given until she consulted immigration counsel on April 28, 2008, in connection with applying to become a citizen. On September 10, 2008, the Department of Homeland Security notified her that the challenged conviction might cause her application for citizenship to be denied, and on December 29, 2008, it informed her she was being placed in removal proceedings.
She alleged that she could not have ascertained, with the exercise of due diligence, that her conviction subjected her to removal, that counsel had misadvised her, or that the trial court should have informed her of the deportation consequences, prior to April 2008. Only this single matter made her deportable; she had never been deportable for any other reason. For timeliness of the motion, she relied on State v. Green, 944 So.2d 208 (Fla.2006) (giving those whose cases were already final two years from the date of the opinion, or until October 26, 2008, in which to raise their claims).
Finally, she stated that a transcript of the plea colloquy, which would confirm her allegations, was not available. Despite that fact, she intended to prove her claims with the testimony of her former counsel and the trial judge who presided over her plea hearing. Former counsel’s affidavit indicated he specifically remembered that the judge did not advise Lalime that the plea could subject her to deportation.
The state took the position that the two-year Green window for cases that were already final when it issued did not apply to cases of misadvice of counsel, maintaining that the motion should have been filed within two years of the conviction and sentence becoming final. Finally, the state argued that the motion was insufficient in that Lalime failed to allege why the misadvice or the trial court’s failure to advise could not have been discovered within the two-year time limit.
The trial court summarily denied the motion, adopting the state’s response that the motion was time-barred. The trial court also found that the motion was refuted by the record in part (in that she indicated in her plea petition that she entered the plea because she was guilty), and legally insufficient in part (in that the state *1177 had not agreed to withholding adjudication).
We have previously applied the two-year window period announced in Green to claims of affirmative misadvice of counsel; not only to a trial court’s failure to advise. Francis v. State, 31 So.3d 285 (Fla. 4th DCA 2010).
In response to this court’s order to show cause, the state now suggests that this court should find Lalime’s claim is barred by laches. See McCray v. State, 699 So.2d 1366 (Fla.1997) (concluding as a matter of law that five years of delay in filing petition alleging ineffective assistance of appellate counsel is presumed unreasonable). We have not applied the McCray presumption to motions filed under rule 3.850 and Green expressly provides defendants with two years from the date of the opinion to file their motions.
Accordingly, we reverse the order summarily denying the motion, and remand the case to the trial court for attachment of portions of the record conclusively refuting the claim or an evidentiary hearing.

Reversed and remanded.

TAYLOR, MAY and DAMOORGIAN, JJ., concur.

. The state had not agreed to the withhold, but agreed only to stand silent with respect to withholding adjudication.